Statement.
MONROE, J.
Plaintiff alleges that he agreed to purchase from defendants, for $17,000, on condition that the title should prove satisfactory certain real estate in the-city of New Orleans, and that, to bind the-bargain, he deposited with defendants $1,700, in cash, but that for reasons stated by him the title has not proven satisfactory, and that he desires that the agreement shall be avoided and his money returned; and he prays for judgment accordingly. Defendants, for answer, allege that the title is good, and pray that the agreement be enforced.
It appears from the evidence that Hubert,Anna, Emma, and Julia, Lurges (the latter being, now, the widow Lindenschmidt), together with their brother, Charles F. Lurges, inherited the property in question from their mother, and that Charles F. Lurges, having been found to be non compos mentis, was-placed by the probate court of St. Louis: under the guardianship of the Lincoln Trust' Company. It further appears that in 1904-defendants filed in the civil district court a petition alleging that they did not desire- *758 any longer to hold the property in question in indivisión with their brother, Charles, and that Mrs. Lindenschmidt wished to purchase . his interest at private sale, and praying that a family meeting be convened to advise upon the subject. In the suit thus filed, August C. Wuerpet whom, as guardian of the interdict, the Lincoln Trust Company, had appointed its agent for the purposes of a “partition,” was made defendant, as representing said guardian, and through it, the interdict; and the family meeting having b'een convened, and having advised that the interest of the interdict be sold at private sale to Mrs. Lindenschmidt for $1,600, and those facts having been brought to the knowledge of the court, together with certain testimony given by plaintiffs (defendants herein), to the effect that the property is indivisible in kind, there was judgment recognizing the litigants as the owners of the property and further proceeding as follows, to wit:
“It is further ordered, adjudged * * * that the deliberations of the family meeting * * * be approved and homologated, and accordingly let August C. Wuerpel, duly ® • * authorized agent of the Lincoln Trust Company of Missouri, duly appointed guardian of the person and estate of Charles P. Lurges, interdict, and defendant herein, be authorized to sell the undivided fifth which belongs to said interdict in the property described in said procSs verbal to Mrs. Julia Lindenschmidt * * * for the price and sum of $1,600, cash. * * * It is further ordered that all parties to this cause be referred to John G. Eustis, notary, * * * for the purpose of completing said partition and that all costs of this suit be borne by the mass. It is further ordered that the purchase price to be paid by Mrs. Julia Lindenschmidt be deposited by the said notary, less the pro rata expense and after expenses payable out of the share of said Charles P. Lurges, interdict, in the registry of this court.”
It may be here remarked that no under curator appears to have been appointed to the interdict. This judgment was followed by a proceeding before the notary concerning which he gives this certificate, to wit:
“I, John G. Eustis, a notary public * * * do certify: That in pursuance of a judgment rendered in the above-entitled cause * * * I, said notary, on this 21st day of July, 1904, did proceed to pass a notarial act of sale by Charles P. Lurges, interdict, of his one-fifth interest in and to a certain portion of ground in square No. 64 in the Seventh district of New Orleans to the said Mrs. Julia Lindenschmidt, for the-price of $1,600 cash, which sum, * * * I have this day deposited with the register of said court, less the following expenses paid by me, notary:
(1) One-fifth share of Charles P. Lurges, interdict, for city and state taxes of 1903. .$ 48 9T
(2) J. G. Eustis, notary, for holding family meeting and money paid for certificates of said sale............ 37 65
13) Bernard Tiche, attorney’s fee...... SO 00-
(4) L. P. Bryant, attorney’s fee and one-fifth costs of court................. 50 00-
$186 02-
“Leaving a balance of $1,364.41, which I, said notary, have this day deposited with the-register of this court, whose receipt is annexed to said act of sale.”
A motion to homologate the proceedings as recited by this certificate was filed, but continued indefinitely, and, thereafter, upon the-application of the Lincoln Trust Company, and publication of the same, the $1,364.41, which had been deposited in the registry of the court, was ordered to be paid over to that company “less the costs of court, publication, and $50 attorney fee.” Upon the foregoing facts the judge a quo reached the-conclusion that the defendants in the suit now before the court have not a clear and unincumbered title to that portion of the-property which is owned by the interdict, and he accordingly gave judgment for the-■plaintiff as prayed for, and the defendants, have appealed.
Opinion.
It is only in cases where the purpose is: to effect a partition by the sale of the whole-property that the interest of an interdict can be alienated by private sale (Act No. 25, p. 47, of 1878), otherwise it must be sold at public auction (Civ. Code, arts. 341, 415; Parker v. Ricks, 114 La. 949, 38 South. 687). The private sale to Mrs. Lindenschmidt of the interest of her brother and co-owner, Charles P. Lurges, in the property in question was therefore null, and conveyed no title.. Moreover, the agent by whom the interdict. *760 appears to have been represented was with■out authority in the premises, since he was authorized to represent the guardian in and for the purposes of a “partition” proceeding, whereas the proceeding in which the sale-is said to have been made was not a partition proceeding, but was a proceeding to devest the interdict alone, of his interest in the property held in indivisión, and to transfer it by illegal methods .for an inadequate price, and mainly at his expense, to one of the other litigants and co-owners.
The defendants, having no title to the interest in question, can convey none to the plaintiff; his agreement with reference to the purchase of the property is at an end, .and he is entitled to the return of the deposit.
The judgment appealed from is accordingly ¡affirmed.