(50 South. 596.)

No. 17,760.

MOORE v. GULF REFINING CO. et al.

(Nov. 2, 1909.)

PARTITION (§ 7*)—SALE OF MINOR'S INTEREST ALONE—VALIDITY.

Where, in what purports to be a partition proceeding, the interest of a minor alone in the property is sold at private sale, the purchaser acquires no title. The law requires a sale, whether public or private, to effect a partition of property in which a minor is interested, to be made of the whole property, and this whether the purchaser be the co-owner or a third person.

[Ed. Note.—For other cases. see Partition, Cent. Dig. § 18; Dec. Dig. § 7.*]

Breaux, C. J., and Land, J., dissenting.

(Syllabus by the Court.)

Action by Dudley G. Moore against the Gulf Refining Company and others. Judgment for plaintiff and the Gulf Refining Company appealed to the Court of Appeal, which court certifies questions to the Supreme Court. Questions answered.

Blanchard, Barret & Smith, for appellant. Pugh, Thigpen & Herold, for appellees.

MONROE, J. The Court of Appeal, Second Circuit, certifies the following question for decision, to wit:

"Whether, when a tract of land (160 acres) in which a minor has an interest is sold at private sale to effect a partition, the whole property must be sold, or may such sale be made of the minor's interest only, after a family meeting has advised its sale and appraised its value and fixed the terms of sale, and after the judge has homologated and approved the proceedings of the family meeting? That is to say, the family meeting, convoked at the instance of the tutor of the minor, having considered it to be to the interest of the minor to sell in order to effect a partition, and having considered it to be to the interest of the minor to sell at private sale to effect the partition, and having agreed upon the appraised value of the minor's interest in the property, and fixed the terms of the sale—the undertutor being present and concurring, and the judge having approved all this—and thereupon the tutor of the minor, acting under this authority, sells the minor's interest at private sale, and the same is bought by the minor's co-owner, at the valuation agreed upon at the family meeting and upon the terms of sale fixed by the family meeting, to wit, cash, and the tutor received the price, does the vendee in such case acquire a good title?"

The law applicable to the immediate questions at issue, as found in the Revised Civil Code, reads as follows:

"Art. 1339. When the property is indivisible by its nature, or when it cannot be conveniently divided, the judge shall order, at the instance of any one of the heirs, on proof of either of those facts, that it be sold at public auction. * * *"

By subsequent legislation, incorporated in the Revised Statutes of 1870, it was provided:

"Sec. 2667. When heirs of a succession hold property in common and it is the wish of any one of them, or of a minor, represented by his tutor or tutrix, to effect a partition, on the advice of a family meeting, duly convened according to law to represent the minor or minors, said property may be sold at private sale, for its appraised value, said appraisement to be made and the terms of said sale to be fixed by the family meeting and said proceedings to be homologated by the judge of probate of the parish in which the said minor resides."

In 1878 an act was passed (Act No. 25, p. 47, of the session of that year), the provisions of which are identical with those of the section 2667 above quoted, save that, whereas, the pre-existing law applied only to the

case "where the heirs of a succession" hold property in common, the act of 1878 applies to all cases "where two or more persons, some or all of whom are minors, hold property in common. * * *"

When all the owners in common are majors, they are, and have always been, at liberty to make an extrajudicial partition, and in so doing may, by consent, have the property sold at public auction or at private sale as they think proper. But, where minors were interested, a judicial partition was formerly required (Rev. Civ. Code, art. 1323), and where, in a judicial partition, a sale was necessary, it was required that such sale be made at public auction (Rev. Civ. Code, art. 1339). It was, then, deemed advisable to permit property held in common by the heirs of a succession, including minors, to be sold at private sale in order to effect a partition, and it was so provided. Rev. St. § 2667. And later it was thought advisable to authorize such sale in all cases where property, indivisible in kind and in which minors were interested, is to be partitioned, and the act of 1878 was adopted for the accomplishment of that purpose. No one has ever doubted that, under Rev. Civ. Code, art. 1339, it was necessary to sell the entire property; the idea being that, the property itself being indivisible, or not being susceptible of convenient division, the partition should be effected by its sale and a division of the proceeds. The article reads:

"Where the property is indivisible, * * * the judge shall order * * * that it" (i. e., the property) "shall be sold at public auction. * * *"

The act of 1878 reads (so far as it need be quoted):

"When two or more persons, some or all of whom are minors, hold property in common, and it is the wish of any one of them, or of a minor, represented by his tutor or tutrix, to effect a partition, on the advice of a family meeting, * * * said property may be sold at private sale for its appraised value, said ap-

124 LA.—20

praisement to be made and the terms of said sale to be fixed by the family meeting."

As to the requirement that, in a sale to effect the partition of property in which minors are interested, the entire property shall be sold, there has, therefore, been no change whatever in the law since the adoption of the Civil Code, and, so far as we have been able to discover, the propriety of such requirement is as manifest now as then, since the offer of a fractional interest is no more tempting to the average purchaser to-day than it would have been a century ago.

We regard the proceeding, the validity of which we are here called on to determine, as one which had for its purpose, not the partitioning of the property in question, whether in kind or by licitation, but merely the sale to her co-owner of the minor's interest therein. It therefore lacks the essential element of a partition proceeding (i. e., the intention to divide the property in kind, or to sell it and divide the proceeds); and, as there was no pretense of compliance with the law regulating the alienation of the property of minors, we are of opinion that the attempted alienation was abortive, and that the purchaser acquired no title. The argument ab inconvenienti should not be allowed to operate a change in a law, which has never been interpreted by this court otherwise than in accordance with what appears to be its plain meaning, and the wisdom of which, as so interpreted, has never been questioned by the lawmaking power.

We therefore adhere to the view, adopted by this court in the case of Gallagher v. Lurges et al., 116 La. 755, 41 South. 60, and, doing so, answer the question propounded in the negative.

BREAUX, C. J., dissents.

See dissenting opinion of LAND, J., 50 South. 597.