WALTER C. CREDLE v. MARY A. BAUGHAM AND HER HUSBAND,
WM. P. BAUGHAM.

(Filed 25 February, 1910.)

1. Partition—Judicial Sale—Guardian and Ward—Appointment of
   Guardian—Ward's Knowledge—Innocent Purchaser.

   The title of a purchaser of lands for value at a sale under par-
   tition proceedings is not affected by the fact that one of the par-
   ties was a minor residing outside of the State, and who was un-
   aware of the sale or the proceedings, when it appears that the
   proceedings were instituted in the proper court of the county
   wherein the land lay, having jurisdiction, and that a guardian
   has been duly appointed to represent the interest of the minor;
   that all parties were represented by attorney, and the proceedings
   were regular in all respects and confirmed according to our laws.

2. Guardian and Ward—Judicial Sale—Purchase by Ward—Personal
   Interest—Innocent Purchaser.

   .While, ordinarily, a guardian may not purchase the property
   of his ward at a judicial sale, he may do so where he has a per-
   sonal interest in the land sold and it is necessary to protect his
   own interest; and the title of his vendee for value will not be
   disturbed by reason thereof.

APPEAL by plaintiff from *Ward, J.,* December Term, 1909, of
BEAUFORT.

This action is brought to convert the *feme* defendant into a
trustee for plaintiff's benefit in respect to a one-fourth interest
in lot No. 22, Respass Town, Washington, N. C., formerly the
property of Anne Eliza Credle, now deceased, sold for parti-
tion, purchased by and conveyed to Oliver Credle, and conveyed
ultimately through *mesne* conveyances to the defendant Mary
A. Baugham.

These issues were submitted:

1. Does the defendant Mary A. Baugham hold the lands de-
scribed in the complaint in trust for the plaintiff? Answer:
"No."

2. Is the plaintiff the owner in fee of the lands described in
the complaint, or any part thereof? Answer: "No."

The court charged the jury that if they believed all of the
evidence, and found the facts to be as testified to, to answer both
issues "No." To this charge the plaintiff excepted.

The facts are further stated in the opinion of the Court.

*Ward & Grimes* for plaintiff.
*W. C. Rodman, Small, MacLean & McMullan* for defendants.

BROWN, J. The property in controversy belonged to Anne
Eliza Credle, from whom it descended to plaintiff and her
three other children, one of whom is Oliver Credle.

Plaintiff removed to Florida in 1889, and has resided in Florida ever since. He became of age in 1899. In 1892 Oliver Credle was appointed by the clerk of the Superior Court of Beaufort County as guardian of W. C. Credle, and duly qualified as such. On 10 January, 1894, an *ex parte* special proceeding was instituted in the Superior Court of said county by Charles F. Warren, attorney for petitioners, praying for a sale of the lot for partition, and entitled Oliver Credle and Thomas B. Credle, Annie B. Credle, and Walter Credle, the last three being infants, by their guardian, Oliver Credle, *ex parte*. Under formal decree approved by a judge of the Superior Court, the lot was sold by Charles F. Warren, commissioner, and purchased by Oliver Credle, and the sale duly confirmed. The plaintiff's share of the net proceeds was adjudged to be paid to the guardian, Oliver Credle, and was so paid by the commissioner. A deed was executed to Oliver Credle, who conveyed afterwards to one Hanniford, and thence by *mesne* conveyances the lot was conveyed to Mary A. Baugham on 22 March, 1902.

The plaintiff contends:

1. That the proceedings are void as to him, because the clerk of the Superior Court of Beaufort County had no jurisdiction to appoint a guardian for him or his property—he being a resident of Florida.

It is undoubtedly true that the courts of this State cannot legally appoint guardians for the persons of nonresident minors, nor of their property, unless it is situated, as the lot in question, within the State. But it is well settled that when a minor, who is a nonresident of the State, owns property within that State, the proper courts of the latter within the county where the property is situated have jurisdiction to appoint a guardian to represent the minor in the management and control of such property. 21 Cyc., 26; *People v. Medart,* 166 Ill., 384; *Barnswick v. Dewey,* 13 Ill. App., 111. Nor is it essential to the validity of the appointment of such guardian that the minor should have knowledge of it, nor that he should have knowledge of the institution of the special proceeding for partition. *Tate v. Mott,* 96 N. C., 19.

Our courts have invariably protected innocent purchasers in a proceeding of this character which appears to be regular on its face and where the infant was represented by counsel and the sale duly confirmed according to our laws. Even in the case of a foreign guardian, who has no power to sue in the courts of this State in behalf of his ward, but does so, our courts will recognize him as "next friend" to the infant and hold the proceedings valid, although he may be described therein as "guardian." *Tate v. Mott, supra.* See also, generally, *Har-*

*rison v. Hargrave,* 109 N. C., 346; *Herbin v. Wagoner,* 118 N. C., 656; *Williams v. Johnson,* 112 N. C., 424; *Sutton v. Schonwald,* 86 N. C., 198; *Smith v. Gray,* 116 N. C., 311.

It is contended, (2) that because of the purchase by Oliver Credle at the sale under the special proceedings set out in the record, he being guardian for the plaintiff, equity should declare him trustee for the plaintiff, which trust should descend through the *mesne* conveyances to the *feme* defendant in this action. This proposition is based upon the theory that the guardian purchased his ward's property, and that the *feme* defendant, in deraigning her title, is fixed with such knowledge.

It is undoubtedly true that one who occupies a fiduciary relation, such as guardian, administrator, executor, trustee and the like, cannot, ordinarily, legally purchase the property of the *cestui que trust,* whether the sale be made by himself or another. But to this wholesome doctrine there is an admitted exception, and that is, where the trustee has a personal interest in the property sold. In such case he must have the right to protect his own interest and, if necessary, to buy in the property. *Froneberger v. Lewis,* 79 N. C., 436, and cases cited.

It was held in *Lee v. Howell,* 69 N. C., 202, that a guardian could legally purchase his ward's property at a sale by the clerk and master, but we think that this decision is properly qualified and explained by the subsequent case of *Froneberger v. Lewis, supra.*

In the case at bar it appears that Oliver Credle owned as large an interest in the lot as his ward; that the commissioner was the attorney for all the tenants in common, and that upon his recommendation, with all the facts before the court, the sale was duly confirmed. Under such conditions the sale cannot now be declared void, or even voidable.

The judgment of the Superior Court is
Affirmed.