LAND, J.
This is a petitory action to recover the alleged undivided interests of the plaintiffs (amounting to about 60/ioo) in a certain plantation situated in the parish of Red River, with rents and revenues, coupled with an action to annul a partition sale of said interest made by their tutrix under an order of court to the defendant. The defendant had previously purchased an undivided one-fourth interest in said plantation from Mrs. Hester A. Gunn, a coheir of the plaintiffs.
It appears from the record that on July 5, 1904, Mrs. L. C. Nally, individually and as natural tutrix, and other coheirs, including Mrs. Hester A. Gunn, sold to the defendant their undivided portions of the Crescent plantation for the price of $8,250 cash in hand paid. In this sale the tutrix represented her two minor daughters, Ollie and Joanna, issue of her marriage with A. C. Lewis. The act of sale recited that the tutrix was duly authorized to sell the minors’ interest in the property by judgment of court based on the advice of a family meeting.
The deed further recited that the interest on each of said minors in the price was $3,015.45. On the advice of a family meeting, the court ordered that, out of the price due each minor, a certain sum should be expended in the payment of debts and for her education for the next 12 months, and that the remainder of the fund be deposited, at .3 per cent, interest in the City Saving Bank of Alexandria, subject to the further orders of the court. A portion of the price due each of said minors was expended, and the balance was deposited pursuant to the order of the court. In May, 1905, Ollie J. Lewis, then being over 18 years of age, was duly emancipated on her own petition, in which it was alleged that she had property, chiefly in cash, amounting to about $9,750. The judgment ordered that, upon the exhibition of a certified copy thereof, any bank holding any money belonging to said emancipated minor was authorized to turn the same over to her.
Joanna Lewis in November, 1905, was emancipated by a similar judgment.
It is admitted that both of these young ladies drew out the portions of the proceeds of the sale to the defendant, which had been deposited in bank to their credit, and that they were emancipated for that purpose.
It is further admitted that the plaintiffs knew that an undivided three-fourths interest in the property was sold to B. W. Marston, Jr., in July, 1904, as per recommendations of a family meeting held on July 2, 1904, all of which information they possessed prior to their emancipation.
After alleging a number of defects in the tutorship proceedings, plaintiffs further alleged that the partition deed evidences a sale of the minors’ interests to effect a partition at private sale, when, under the law, all of the property should have been sold, and further that the price paid was less than the amount of the appraisement as fixed by the family meeting.
The Orescent plantation belonged to the major and minor heirs of A. O. Lewis. After *301 his death, his widow inherited a small interest therein from one of her children. In January, 1903, Mrs. Gunn (born Lewis) sold her undivided fourth interest in the plantation to B. W. Marston, Jr.; and in July, 1904, the remaining interests were sold to the said Marston, as above stated. His vendors were all the major and minor heirs of A. O. Lewis; the said minors being represented by their mother and tutrix.
The family meeting held on July 2, 1904, recommended that the Crescent plantation be sold at private sale for cash, and they appraised “the whole tract of land” as worth $11,000 and the interest of the minors Ollie and Joanna each at $3,015.45.
The proceedings and recommendations of the family meeting were approved and homologated in all respects and made the judgment of the court, which authorized the tutrix to sell the interest of the minors in the above tract at private sale for cash to effect a partition at the appraisement made by the family meeting.
The major heirs joined the tutrix and widow in making the sale to the defendant of their conjoint undivided three-fourths interest in said plantation.
Defendant owned the remaining undivided one-fourth interest in the Crescent plantation.
Defendant paid the price of the sale, and it is admitted that a portion thereof was used in paying debts of the minors and sending them to school, and that the remainder, amounting to $5,223.80, was deposited in bank for their account and drawn out by them soon after their emancipation.
In Gallagher v. Lurges, 116 La. 755, 41 South. 60, it was held that .“a proceeding which has for its purpose only the private sale, to one of the plaintiffs, of the interest of an interdict in the property held in common, is unauthorized and illegal,” and that the property should have been sold as a whole. ■
In Moore v. Gulf Refining Co., 124 La. 607, 50 South. 596, the same doctrine was applied to a private sale of the minor’s interest in property to a co-owner to effect a partition. This doctrine was reaffirmed in Fahey v. Fahey, 128 La. 503, 54 South. 973. In none of these cases did the court hold that a co-owner could not become the purchaser of the property. Any doubt on the subject was removed by Act No. 50 of 1912, which provides that, in private sales to effect the partition of the whole property, the co-owner or co-owners may purchase the entire interest of the minor or minors for its appraised value as fixed by the family meeting.
If the co-owner may purchase at such a partition sale, and we know of no law to the contrary, we cannot perceive how such a purchase can be made otherwise than in the manner pursued in the instant case, where the whole property was appraised, ordered, sold, purchased by the co-owner for the full appraised value, and the minors’ portion of the price paid to their tutrix.
Of course the defendant could not sell to himself, and the conveyance took the form of a sale to him by his co-owners of their three-' fourths interest in the plantation.
The result was the same as if all owners had made the sale to a third person. The undisputed evidence shows that the property was sold for its full value.
Plaintiffs did not before suit tender to the defendant that portion of the price received and used by them and confess their inability to restore the same. •
In the late case of Gremillion v. Roy, 125 La. 524, 51 South. 576, a tutrix had sold a tract of land at private sale to pay debts, and the minor heirs, on coming of age, sued to annul the sale and recover the property. On application for rehearing, the court held that the heirs could not reclaim the property without first paying back or tendering that portion of the proceeds of the sale which had been used in the payment of debts, citing Sharkey v. Bankston, 30 La. Ann. 894. In *303 the case at bar, a small part of each minor’s portion of the proceeds of the partition sale was used in payment of her debts, and the remainder was received by her after her emancipation. Quoad such remainder, plaintiffs occupied the position of persons of full age. They received the money well knowing that it represented a large portion of the price of the sale made to the defendant. We have examined the cases cited by the plaintiff but find their dicta based on a different state of facts.
This court in Hibernia Bank & Trust Co. v. Whitney, 122 La. 896, 48 South. 316, said:
“In a number of cases it has been held that tender must be made. In a few cases it has been held that plaintiff! does not have to make a tender, as it may be claimed by reconvention. The amount being known in this case, no such difficulty arises. The amount should be tendered.”
A vendor cannot retain the price and at the same time claim the property. He who seeks equity must first do equity.
The defendant purchased the property for a sound price and was advised by a prominent attorney that the title tendered was good in law. So believing, the defendant has made extensive and valuable improvements on the premises. Plaintiffs, having failed to tender the price received by them, have no standing in court.
Judgment affirmed.