(64 South. 863.)

No. 20,257.

MELCHER v. NEW ORLEANS & N. E. R. CO.

(March 16, 1914.)

*(Syllabus by the Court.)*

1. PARTITION (§ 103*)—SALE—RIGHT OF CO-OWNERS TO PURCHASE.

There is nothing in Act No. 25 of 1878 which prevents a co-owner from purchasing the property sold under this act to effect a partition, unless there has been some fraud practiced on the minors.

[Ed. Note.—For other cases, see Partition, Cent. Dig. § 339; Dec. Dig. § 103.*]

2. PARTITION (§ 103*)—SALE—RIGHT TO PURCHASE.

The fact that one has been a member of a family meeting which recommended the sale of minors' property at private sale does not preclude him from acting as an agent for the purchase of the property, unless it can be shown that at the time of the family meeting he was acting as the agent of the one who subsequently purchased the property, thereby perpetrating a fraud on the minors.

[Ed. Note.—For other cases, see Partition, Cent. Dig. § 339; Dec. Dig. § 103.*]

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Acting Judge.

Action by Mrs. Louise Melcher against the New Orleans & Northeastern Railroad Company, to compel specific performance. From judgment for plaintiff, defendant appeals. Affirmed.

Hall, Monroe & Lemann, of New Orleans, for appellant. · Suthon & Loomis, of New Orleans, for appellee.

BREAUX, C. J. The purpose of the suit was to compel the defendant to accept title to property sold by plaintiff to defendant.

There is no dispute about the description of the property; it is fully described in plaintiff's petition.

Petitioner, on October 14, 1911, entered into an agreement of sale with the defendant railroad company, by which the defendant agreed to buy the property described in her petition, for the sum of $4,500. Plaintiff's averment is that defendant now refuses to comply with its agreement, evidenced by copy annexed to her petition; that her suit to compel specific performance has become necessary.

The defendant does not specially deny the allegations in the petition. It, through learned counsel, in its answer, questions the validity of the title tendered on the following grounds:

That plaintiff acquired the property from Sumpter D. Marks, who asserts that he bought it from plaintiff herself and certain minor joint owners; that the recital in the act by which Marks acquired the property is precisely the same as that recited in the act by which Marks sold to plaintiff 24 hours after his purchase.

Defendant then recites the particulars of a partition of the property effected in the proceedings conducted in the civil district court for this parish, No. 84,306, Succession of Charlotte Hoelzel, wherein the court ordered that the property be sold at private sale for the purpose of effecting the partition.

The property prior to the petition was owned by the plaintiff and certain minors, in the following proportion: Twenty-nine thirty-seconds to plaintiff, and the remainder, one thirty-second, jointly to Charlotte and Edward Schlagel, minor children of Christian Schlagel; two thirty-seconds to Katie, Lottie, and Caroline Hoelzel, minor children of Louis Hoelzel.

Defendant urged that a family meeting was held for the purpose of recommending a private sale of the property; that upon its recommendation it was sold.

It appears that Sumpter D. Marks became the owner on May 26, 1908, at private sale.

The contention of defendant is that it was not possible for plaintiff to acquire the property under the pretense of effecting a partition sale in accordance with the provisions of Act 25 of 1878; that to obviate, or in attempting to obviate, this fatal objection, which

arose at this time, plaintiff caused the title of the property to be transferred first to Sumpter D. Marks, and the next day by Sumpter D. Marks back to plaintiff, for the same consideration which was recited in the first deed (which had not been paid); that Marks was merely a person interposed for plaintiff, and she can assert no more rights through him than she could if she had directly become the purchaser of the interest of the minors.

The defendant charges that Sumpter D. Marks was a member of the family meeting held on the 20th of May, 1908, in behalf of the Hoelzel and Schlagel minors, respectively, recommending the sale of the property at private sale; and defendant averred that for this additional reason the said Marks did not acquire a legal title to the property herein involved and could not transfer title to plaintiff.

Defendant urged another objection, which was that the name of Alfred Merchand appears as the owner in the chain of titles, who appears to have bought at sheriff's sale dated December 29, 1873, at which time Henry Kloppenberg, the defendant in the seizure, or seized debtor, was dead, as will appear by reference to proceedings in the late district court, No. 33,264 of the Succession of Henry Kloppenberg; that in 1869 the title had passed from this Kloppenberg to his heirs, and that this last deed was, therefore, null.

As to the facts:

There is no question but that the property described in plaintiff's petition formerly belonged to Mrs. Charlotte Hoelzel, widow of Schlagel; that her succession was duly opened, and that Mrs. Melcher, the plaintiff, was one of her legatees; that she became the owner of twenty-nine thirty-seconds of the estate, and that the Schlagel minors owned one thirty-second, and the Hoelzel minors the remainder, two thirty-seconds; that in the proceedings the Schlagel minors, although absent from the state, were duly represented by their guardian and tutrix, Mrs. Clara A. Schlagel, who was in turn represented by John R. Loomis, her duly recognized agent, and that the Hoelzel minors were duly represented by their tutrix, Mrs. Sophia Hoelzel, as evidenced by judgment of the court, dated May 8, 1908; that Mrs. Melcher, as twenty-nine thirty-seconds owner of the estate, brought suit for partition against the Schlagel minors and the Hoelzel minors, as stated above, April 16, 1908. The two sets of minors answered the suit for a partition, and asked for a family meeting to decide whether the property should be sold at private or public sale to effect a partition. The proceedings were held and have all the appearance of regularity.

The special objection will be hereafter considered.

The family meeting recommended a sale on behalf of each set of minors, and it recommended that the property be sold at private sale, for cash, for not less than the appraisement fixed by experts duly appointed.

One of defendant's objections to the regularity of the actions of the family meeting and its recommendation was that Sumpter D. Marks was a member of the family meeting held on April 27, 1908.

We are informed by the record that on May 18, 1908, judgment was rendered, recognizing the different parties as owners of an undivided ownership in the proportions above, also homologating the declarations of the family meeting held in behalf of the two sets of minors, and a full and final partition of the property to be effected by private sale was duly recommended and duly ordered. All parties in interest were referred to a notary to complete the partition.

On May 26, 1908, in compliance with the judgment rendered, plaintiff, Mrs. Louise Melcher, and the two sets of minors, represented as above mentioned, joined in an act

of sale of the entire property to Sumpter D. Marks for the price of $6,207.26, which represents the full appraised value of the property as fixed by the experts and by the family meeting.

The funds realized were partitioned, twenty-nine thirty-seconds to Mrs. Melcher, one thirty-second to the Schlagel minors, and two thirty-seconds to the Hoelzel minors.

On May 27, 1908, Sumpter D. Marks conveyed the property, bought the day before, to plaintiff, Mrs. Louise Melcher, for the same price as that recited in the act by which Marks bought the property. The property was bought by Marks to transfer it as he did to Mrs. Melcher, and this has afforded to defendant opportunity to raise the point that he was a person interposed. Of this later.

It remains as a fact that the whole property was sold. There is no question regarding the sale of minors' property, separately and solely, and, if there is, it presents no fatal objection to the title. The price realized from the sale has been received by the minors. As they have the price, they are without right to the property.

All the proceedings were conducted in accordance with the form of law, and there is no question about the sale on that score, and, we will add, not the least ground for objecting.

All parties interested were regularly and legally parties to the suit. All are bound by the result, and there is no merit for consideration.

We stated above that we would take up the objection of the defendant urged on the ground that Sumpter D. Marks was a member of the family meeting of April 27, 1908. The charge particularly is that Marks was a person interposed for convenience sake, and that in taking title he was the agent of plaintiff, and that, as Mrs. Melcher, plaintiff, could not buy the property, neither could her agent, Marks.

[1] It is error to say that plaintiff, Mrs. Melcher, could not buy. A major joint owner is not prohibited from buying. There is no prohibition under the act of 1878, under which the property was sold to effect a partition, nor in any other statute. It must be remembered that the whole of the property was sold and the whole of the proceeds realized were properly distributed.

A joint owner may buy at private as well as at public sale. Nothing to the contrary. Section 2 of Act 25 of the Acts of 1878.

See Fahey v. Fahey, 128 La. 513, 54 South. 973.

[2] Marks had no interest whatever in the property. Why could he not buy as agent? He could also be a member of the family meeting, for he had no interest, and his consenting afterward to act as plaintiff's agent was not contrary to law. He was not plaintiff's agent at the date that he was a member of the family meeting.

It does not appear that the minors' interests were affected in the least. There is no allegation of fraud, and it does not appear that there was either in any part of the proceedings before noted. As Marks had no interest, and committed or sanctioned no fraud, his acts as a member of the family meeting or as agent cannot be successfully pleaded as ground for annulling any part of the proceedings.

As the agency did not exist at the date that he became plaintiff's agent in buying the property, no good reason for setting aside the proceedings which culminated in a sale and partition suggests itself. Nothing suggests that at the time he became a member of the family meeting he had the least idea of subsequently appearing for the plaintiff purchaser and buying the property really for her and not for himself. As a member of the family meeting, he received his appointment from the court. About a month afterward, in buying the property as before stated, his

act was not inconsistent with his prior service as a member of the family meeting. He had no personal interest at any time.

It follows that, as Mrs. Melcher could buy the property, so could Sumpter D. Marks, who in reality acted as her agent as the testimony shows. The whole property, as above mentioned, was sold to effect a partition under the act of 1878, and the amount realized was properly distributed. The case of Fahey v. Fahey, is determinative of the question. It was held that a co-owner could buy property held in common either at private or at public sale. The owners, who were majors, who held the property in common, had the right to have it sold at private sale to effect the partition, and one of the co-owners of the property had the right to become the adjudicatee at the sale, if a public sale, and to become the owner at private sale, if a private sale. The interest becomes the property of the adjudicatee or the buyer. This was expressly held in the cited case. If any other meaning can be wrested from the text in Gallagher v. Lurges, 116 La. 755, 41 South. 60, and Moore v. Gulf Refining Co., 124 La. 607, 50 South. 596, that meaning is entirely overruled and done away with by the decision in the Fahey Case and also in the present case.

We have stated the other grounds urged by defendant. They are averments only, and give rise to the unavoidable inference that they are not sustained by the facts of the case.

As to the acts of many years previous, doubtless, the effect of the many years that have elapsed has been to cure all defects, if any ever existed. They are not sustained at all.

We have considered the different propositions of defendant, and have arrived at the conclusion that the title can be safely accepted.

For reasons stated, the judgment of the district court is affirmed.

MONROE, J., concurs in the decree. PROVOSTY, J., absent on account of illness, takes no part.