(66 South. 764)

No. 20358.

McNAMARA et al. v. MARX.

(Nov. 4, 1914. On Application for Rehearing, Dec. 14, 1914.)

*(Syllabus by the Court.)*

LIMITATION OF ACTIONS ☞4, 72—PRESCRIPTION—PRIVATE SALE TO EFFECT PARTITION—STATUTE—APPLICATION—VALIDITY.

Act No. 53 of 1912, providing that any action to annul a private sale of real estate, made in good faith to effect a partition, on the sole ground that a part and not the whole of the property was sold, shall be prescribed by the lapse of six months from the promulgation of the act, applies to minors, and is constitutional.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 10, 11, 390–398; Dec. Dig. ☞4, 72.]

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Action by Joseph McNamara and others against Alphonse Marx. From judgment for plaintiffs, defendant appeals. Affirmed, and rehearing denied.

Alfred D. Danziger, of New Orleans, for appellant. Raymond Gauche, of New Orleans, for appellees.

LAND, J. This is an action for specific performance to compel the defendant to accept title to a certain piece of real estate. The objection to the title tendered is thus set forth in defendant's brief:

"The defendant refused to comply with the adjudication, for the reason that the plaintiffs had acquired a one-fifth interest in the property on November 13, 1906, by purchase at a private sale, for the purpose of effecting a partition, from a minor coheir and co-owner, who at present is still under age. We contend that the partition should have been effected by the sale of the entire property in which the minor was interested."

In support of his contention defendant cites Gallagher v. Lurges, 116 La. 755, 41 South. 60; Moore v. Gulf Refining Co., 124 La. 610, 50 South. 596; Fahey v. Fahey, 128 La. 503, 54 South. 973.

The judge below held that the defect in the private sale of the minor's interest in the property had been cured by the prescription of six months established by Act No. 53 of 1912, which reads as follows:

"That any action to set aside or annul a sale of real estate, made in good faith, to effect a partition, under the provisions of section 2667 of the Revised Statutes of Louisiana, where the sole reason for the attack upon such sale is that a part and not the whole of the property sought to be partitioned, was sold and where the said sale was made prior to the passage of this act, shall be prescribed by a lapse of six months from and after the promulgation of this act."

Defendant contends that the bar of this statute does not apply to minors, because:

"Minors and persons under interdiction cannot be prescribed against, except in the cases provided by law." Civil Code, art. 3522.

Doubtless this is the general rule.

But the act in question was intended to cure certain defects in private sales of minor's property made for the purpose of effecting a partition, and to except minors from the operation of the statute would render it nugatory in a great many cases. These defects were pointed out in the cases cited

supra. At the same session the Legislature enacted Act No. 50, providing that the co-owner or co-owners may purchase the entire interest of a minor or minors at private sale for a partition.

The two acts, taken together, show the intent of the lawmakers to change the rule of law announced in the cases supra, and to cure by a short prescription the defect of form set forth in Act No. 53 of 1912.

In Doyle v. Negrotto, 124 La. 100, 49 South. 992, this court held that the prescription of three years established by article 233 of the Constitution against actions to annul tax titles applies to an action brought by a minor, and does not deprive the minor of his property without due process of law. Article 233 is silent as to minors. Act No. 53 of 1912 bars any and all actions instituted to annul the sales referred to in said statute.

Hence we conclude that said act is operative against minors, and does not deprive them of their property without due process of law. Such legislation is not violative of the Constitution of the United States, if a reasonable time be given for the commencement of an action. Terry v. Anderson, 95 U. S. 628, 24 L. Ed. 365; Koshkonong v. Burton, 104 U. S. 668, 26 L. Ed. 886. See, also, Terry v. Heisen, 115 La. 1070, 40 South. 461.

As to the reasonableness of time, the Legislature is the judge, and the courts will not interfere, unless the time be so short as to amount to a denial of justice. Jackson v. Lamphire, 3 Pet. 280, 7 L. Ed. 679.

The case of Gallagher v. Lurges, decided in 1906, gave notice to the world that a partition at private sale of real estate, in which a minor had an undivided interest, could not be lawfully effected by a conveyance of such interest to a co-owner or other person.

The representatives of minors had six years prior to 1912 within which to institute actions to annul such defective sales, and the Act of 1912 gave them six months more.

We think that the additional time was reasonable.

It is therefore ordered that the judgment appealed from be affirmed, with costs of appeal.

### On Application for Rehearing.

PER CURIAM. In the application for rehearing we are asked to decide whether Act No. 53 of 1912 is a statute of repose or one which bars only a direct action of nullity. It is argued that, although the statute bars, after six months, a direct action to annul or set aside a sale on the ground that only the minor's interest, and not the whole property, was sold to effect a partition, it does not affect the minor's right to treat such a sale as an absolute nullity in a petitory action, or to collaterally attack it. The statute plainly provides that a sale of a minor's property, made in good faith to effect a partition, is not to be regarded as an absolute nullity for the reason solely that only the minor's interest, and not the whole property, was sold. It provides that, after six months, an action to set aside or annul such a sale on that ground shall be prescribed. Surely an act which the law provides cannot be annulled cannot be regarded or decreed absolutely null. Hence Act No. 53 of 1912 is a statute of repose. The application for rehearing is denied.