[Civ. No. 1391. First Appellate District.—November 17, 1914.]

CARL A. WESTERGREEN et al., Appellants, v. ALICE E. C. BEER et al., Respondents.

TENANTS IN COMMON—JUDICIAL SALE OF INTEREST IN REAL PROPERTY— RIGHT OF COTENANT TO PURCHASE.—While the law prohibits a tenant in common from purchasing for his own benefit an outstanding encumbrance upon the common property, this rule has no application to the purchase by a tenant in common of his cotenant's interest in real property at a judicial sale.

ID.—JUDICIAL SALE—SALE BY GUARDIAN OF WARD'S INTEREST AS TENANT IN COMMON OF REAL PROPERTY—RIGHT OF COTENANT TO PURCHASE.—A sale made by the guardian of minors under order of court of the interest of the minors as tenants in common of certain real property, is a judicial sale at which the minors' cotenants are entitled to purchase the property in the absence of fraud.

Id.—ACTION TO ESTABLISH TRUST—PURCHASE OF MINORS' INTEREST IN REAL PROPERTY BY COTENANT—WHEN TRUST NOT ESTABLISHED—PLEADING.—Where certain real property was distributed to the four children of the deceased jointly under her will, two of which children were minors, and thereafter the guardian of the minors, pursuant to an order of the superior court, sold the interest of the minors in the property which was bought by one of the adult sisters of the minors, an action by the minors to establish a trust in their favor against the sister who purchased the property and to compel a reconveyance thereof upon the theory that the adult sister, being a tenant in common with the minors, was prohibited from purchasing their interest in the property, cannot be maintained, in the absence of any showing of fraud, undue influence, collusion, inadequacy of consideration or any other fact tending to show that the adult sister took advantage of her situation with reference to the property or her relationship to the minors, and a demurrer to the complaint in such a case was properly sustained.

Id.—BROTHERS AND SISTERS NOT IN FIDUCIARY RELATIONSHIP.—The mere relationship of sister and brother standing alone and by itself does not create a fiduciary relationship.

APPEAL from a judgment of the Superior Court of San Mateo County. James M. Troutt, Judge presiding.

The facts are stated in the opinion of the court.

William F. Herron, for Appellants.

Ross & Ross, for Respondents.

THE COURT.—In this action the defendants' demurrer to the plaintiffs' second amended complaint was sustained by the court below without leave to amend. Judgment was thereupon entered in favor of the defendants, from which the plaintiffs have appealed.

The grounds of the demurrer were that the complaint did not state a cause of action, and that the plaintiffs did not have legal capacity to sue.

The action was one to declare a resulting trust in certain real property, and to compel a conveyance to plaintiffs of their alleged respective interests therein, and is founded upon the following alleged facts:

Ida Danielson, the mother of the plaintiffs and of the defendant Alice E. C. Beer, died, leaving an estate consisting of certain real property in the county of San Mateo. She

left a will, which was duly admitted to probate, and, in accordance with the terms of the will, the property which is the subject of the action was distributed share and share alike to her children,—namely, the defendant Alice E. C. Beer, one Lizzie M. Westergreen, and Carl A. and John A. Westergreen, the plaintiffs. Both of the plaintiffs were then minors; and shortly after the decree of distribution was made one Crow, the public administrator of San Mateo County, was appointed their guardian by the superior court. On or about December 1, 1902, Crow, as the guardian of the estates of the said minors, filed in the superior court of San Mateo County a petition for an order of sale of the minors' interests in said property, alleging that a sale was necessary in order to prevent the state and county taxes thereon from becoming delinquent and to prevent the same from being sold for taxes. The petition was granted by the court, and the order of sale made, pursuant to which the interests of the plaintiffs in the property were sold, and at said sale were purchased for the defendant Alice E. C. Beer by her husband, who acted as her agent in the matter and who afterward conveyed the property to her by deed of gift. The sale was confirmed by the superior court, and Crow, as the guardian of the plaintiffs, executed a deed to the property to the purchaser At the time of the sale the plaintiffs were minors, and the defendant Alice E. C. Beer was an adult.

The complaint further alleges that at the time of the sale and for some time prior thereto Alice E. C. Beer was occupying and residing upon the property in question.

It is the contention of the plaintiffs that inasmuch as said defendant, their adult sister, was a joint devisee with the plaintiffs, and had acquired her interest in the property under the terms of their mother's will (which left it to the four children share and share alike) she was therefore a tenant in common with them. This may be conceded; and likewise it may be conceded, as is contended, that the law prohibits a tenant in common from purchasing for his own benefit an outstanding encumbrance upon the common property. The rule of law in this behalf, however, has no application in our opinion to the facts pleaded in the plaintiffs' complaint. The law does not prohibit one cotenant from purchasing the interest of another tenant in common at a judicial

sale. In the early case of *Gunter* v. *Laffan,* 7 Cal. 589, our supreme court said that "tenants in common or partners have a right to acquire their cotenants' or copartners' interests by purchasing under an execution sale, there being nothing in their relations to forbid it"; and in Freeman on Cotenants and Partition, sec. 165, it is said: "The reasons which prevent a cotenant from purchasing and asserting an outstanding title do not apply with equal, and generally not with any, force against his purchasing the title of his cotenants, whether the sale be voluntary or involuntary. Unless some fraud can be shown to have been perpetrated, or some superior knowledge taken advantage of, there is no doubt that a cotenant may purchase at an execution or judicial sale the moiety of any of his companions in interest, and that he may retain and assert the title thereby acquired as fully as though he was a stranger to the judgment defendant."

The sale complained of in the present case was undoubtedly a judicial sale. That a cotenant, irrespective of the origin or mode of creating the cotenancy, is not disqualified from purchasing the interest of any of his cotenants at such a sale is supported by the following authorities: *Credle* v. *Baugham,* 152 N. C. 18, [136 Am. St. Rep. 787, 67 S. E. 46]; *Snell* v. *Harrison,* 104 Mo. 158, [16 S. W. 152]; *Peck* v. *Lockridge,* 97 Mo. 549, [11 S. W. 246]; *Hopper* v. *Hopper,* 79 Md. 400, [29 Atl. 611]; *Starkweather* v. *Jenner,* 216 U. S. 524, [17 Ann. Cas. 1167, 54 L. Ed. 602, 30 Sup. Ct. Rep. 382]; *Gunter* v. *Laffan,* 7 Cal. 589.

There is no merit in the contention that Mrs. Beer stood in a fiduciary relation to the plaintiffs because of her blood relationship to them. The mere relationship of sister and brother standing alone and by itself does not create a fiduciary relationship. (*Odell v. Moss,* 130 Cal. 352, [62 Pac. 555]; *Bacon* v. *Soule,* 19 Cal. App. 428, [126 Pac. 384].) It will be noted that the complaint does not aver any fraud, undue influence, collusion, inadequacy of consideration, or any other fact tending to show that defendant Alice E. C. Beer took advantage of her situation with reference to the property or her relationship to the plaintiffs.

We are of the opinion that the demurrer was properly sustained upon the ground that the complaint does not state facts sufficient to constitute a cause of action. It is therefore un-

necessary for us to decide the question as to whether or not the demurrer is well taken upon the ground that the plaintiffs did not have legal capacity to sue.

The judgment appealed from is affirmed.