## DAVIS *et al. v.* SOLARI *et al.*

### (*Jackson.*   April Term, 1915.)

1. **TENANCY IN COMMON.   Purchase by tenant in common. Effect.**

   A tenant in common cannot, as a general rule, purchase the common property at a tax or foreclosure sale, or purchase an outstanding title, except for the benefit of all the tenants. (*Post, p.* 227.)

   Cases cited and approved:   Tisdale v. Tisdale, 34 Tenn., 596; Williams v. Gideon, 54 Tenn., 617; Sharp v. Williams, 1 Sh. Tenn. Cas., 76; Saunders v. Woolman & Co., 75 Tenn., 300; Harrison v. Winston, 2 Tenn. Ch., 544; Watson v. Ryan, 3 Tenn. Ch., 40.

   Cases cited and disapproved: King v. Rowan, 57 Tenn., 675; Keele v. Cunningham, 49 Tenn., 288.

2. **PARTITION.   Order of sale.   Purchase by tenant in common. Validity.**

   Under Shannon's Code, sections 5010, 5025, 5040, 5042, 5051, 5052, 5915, authorizing partition and the settlement by decree of the rights of the parties, and providing that a confirmation of sale divests title, a tenant in common filing a petition to sell for partition may purchase the property at a sale ordered by the court, in the absence of any fraud.   (*Post, p.* 227.)

   Cases cited and approved:   Collins v. Smith, 38 Tenn., 251; Tynes v. Grimstead, 1 Tenn. Ch., 510; Blackmore v. Shelby, 27 Tenn., 439; Elrod v. Lancaster, 39 Tenn., 571; Ex parte Crump, 84 Tenn., 732; Whitely v. Whitely, 117 Md., 538; Melcher v. N. O. & N. E. R. Co., 134 La., 951; Credle v. Gaugham, 152 N. C., 18; Conner v. McCoy, 83 S. C., 168; Peck v. Lockridge, 97 Mo., 549; Rogers v. Rogers, 42 S. W., 70.

   Cases cited and distinguished:   Thompson v. Frew, 107 Ill., 478; Bayhi v. Bayhi, 35 La. Ann., 527; Porter v. Depeyster, 18 La.,

Davis v. Solari.

351; Hopper v. Hopper, 79 Md., 400; Carpenter v. Carpenter, 131 N. Y., 101; English v. Monypeny, 6 Ohio Cir. Ct. R., 554.

Code cited and construed:   Sec. 5010 (S.).


FROM SHELBY.


Appeal from the Chancery Court of Shelby County. —F. H. HEISKELL, Chancellor.

R. H. STICKLEY, for appellants.

D. B. NEWSOM, GEO. A. CANALE, RANDOLPH & RANDOLPH and W. G. CAVETT, for appellees.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

On July 4, 1885, Lorenzo Solari filed his bill in the chancery court of Shelby county against his sisters and the husbands of those who were married to sell, for the purpose of partition, a storehouse and lot on Beale street, in the city of Memphis, which he and his sisters had inherited from their deceased mother, Esther Solari. A decree of sale was duly entered in that cause, and under and pursuant to that decree Lorenzo Solari became the purchaser, and the sale was confirmed, and the title divested out of his sisters and vested in him. Twenty-one years thereafter one of his sisters, Mrs. Maria Davis, filed the bill in the present case against him, making the other sisters and their husbands defendants along with the said Lorenzo. Subsequently

Mrs. Davis died, and the cause was revived in the name of her heirs at law.  In this proceeding it is insisted, among other things, that Lorenzo's purchase must, in equity, be treated as having been made, not for himself alone, but for his sisters as well; in short, that he holds as trustee, to the extent of the interests which his sisters inherited from their mother, and that their rights should be so declared.

The contention is that, inasmuch as tenants in common, and particularly coparceners, are trustees for each other, one cannot assume an adverse relation and become the purchaser under a decree of sale for partition.

In our judgment, this contention is a misapplication of the doctrine that persons so related cannot buy in the common property at a tax sale, or foreclosure sale, or buy in an outstanding title or other overhead claim, except for the benefit of all.  This is the doctrine of *Tisdale* v. *Tisdale,* 34 Tenn. (2 Sneed), 596, 64 Am. Dec., 775; *Williams* v. *Gideon,* 54 Tenn. (7 Heisk.), 617; *Sharp* v. *Williams,* 1 Sh. Tenn. Cas., 76; *Saunders* v. *Woolman & Co.,* 75 Tenn. (1 Lea), 300; *Harrison* v. *Winston,* 2 Tenn. Ch., 544; *Watson* v. *Ryan,* 3 Tenn. Ch., 40.  There are some exceptions, however, as shown in *King* v. *Rowan,* 57 Tenn. (10 Heisk.), 675, 682; *Keele* v. *Cunningham,* 49 Tenn. (2 Heisk.), 288.

The foregoing cases, however, have no bearing upon a purchase at a sale made through the court of chancery, or through any other court having jurisdiction

of the matter, for the purpose of effecting a partition. Our Code provisions make this point perfectly clear.

Shannon's Code, section 5010, shows who may have a partition. That section reads:

"Any person having an estate of inheritance, or for life, or for years, in lands, and holding and being in possession thereof, as tenant in common or otherwise, with others, is entitled to partition thereof, or sale for partition, under the provisions of this chapter."

"5025. The court, on appearance or default, shall declare the rights, titles, and interests of the parties in the premises, and give judgment that partition be made between such of them as have any right therein, according to such right."

"5040. The partition thus made is conclusive: (1) On all parties named in the proceedings who have at the time any interest in the premises divided, as owners in fee or as tenants for years or as entitled to the reversion, remainder, or inheritance of such premises after the termination of any particular estate therein; or who, by any contingency in any will, conveyance, or otherwise, may be or may become entitled to any beneficial interest in the premises; or who shall have any interest in any individual share of the premises, as tenants for years, for life, by the courtesy, or in dower. (2) On all persons interested in the premises who are unknown, to whom notice has been given by publication, as hereinbefore directed. (3) On all persons claiming from such parties or persons, or either of them."

Davis v. Solari.

"5042. Any person entitled to a partition of premises under the foregoing provisions, is equally entitled to have such premises sold for division, in the following cases: (1) If the premises are so situated that partition thereof cannot be made. (2) Where the premises are of such description that it would be manifestly for the advantage of the parties that the same should be sold instead of partitioned."

"5051. The rights of the parties shall be settled by the judgment or decree of the court, and the proceeds divided in accordance therewith.

"5052. The court, upon confirmation of the sale, divests title and vests it as in other cases of sale of real estate by decree of court, under the provisions of this Code."

"5915. The courts of this State having jurisdiction to sell land, instead of ordering parties to convey, may divest and vest title directly by decree, or empower the clerk to make title."

The articles of the Code upon the subject of partition and sale for partition fall under part. 3, tit. 2, ch. 2. Chapter 3 under the same title is on the subject of the sale of property of persons under disability, and immediately follows the chapter just referred to. Under that chapter a provision occurs as follows, being section 5088 of the Code:

"No guardian, next friend, or witness, in such cause, shall purchase at such sale, or at any time afterwards, until five years from the removal of the existing disabilities; and if any such person should make

such purchase the original sale shall become void, and the infant or married woman may bring ejectment for the land, as if no sale had been made."

No such provision appears under the sections devoted to partition and sale for partition, and the absence of such provision, especially in connection with its presence in the subsequent chapter on the same general subject, indicates an intention to omit restrictions as to sales made for partition. Sales made under chapter 3 are based, not on the fact that it is to the interest of joint owners to sell as in sales for partition, but on the ground that it is to the interest of such married woman, infant, or other person under disability that their property should be sold for reinvestment, or for other purposes looking specially to their individual interests. It is in this chapter that the restriction occurs. But in the prior chapter, where the sale is to be made for the purpose of disentangling the interests of persons who are coparceners or tenants in common, no such limitation on the right to buy is imposed.

Neither do our cases impose any such limitation. The only restriction of this kind of which we are aware is one to the effect that one who appears as next friend in a bill filed to effect a sale for partition cannot buy. *Collins* v. *Smith,* 38 Tenn. (1 Head), 251; *Tynes* v. *Grimstead,* 1 Tenn. Ch., 510, 511. It has been specifically held that at a sale made for partition even a guardian of one of the minors involved may purchase, but that such purchase should be examined closely to see

Davis v. Solari.

that the guardian gave a full price, and that no preju-
dice occurred to the interest of his ward.  *Blackmore
v. Shelby*, 27 Tenn. (8 Humph.), 439.  The same thing
was held in *Elrod* v. *Lancaster*, 39 Tenn. (2 Head.), 571,
75 Am. Dec., 749, and *Crump, Ex parte*, 84 Tenn. (16
Lea), 732.

It appears from the article on Partition in Cyc.,
written by the learned author Mr. A. C. Freeman, that
the weight of authority is substantially as set down by
our statute on most of the points mentioned.  It is
said in that article, 30 Cyc., page 188, that suits for
partition may be maintained by cotenants of every
class, that is, by coparceners, tenants in common, and
joint tenants; that a suit for partition is but a com-
pulsory method of acquiring title in severalty to the
property subject thereto, which without such suit might
have been acquired by voluntary conveyances and re-
leases (Id., 202) ; that a sale is but a mode of partition,
and when a party is entitled to partition, he, if the
other facts require it, is to the extent of his estate, en-
titled to partition by sale (Id., 273) ; that upon principle
an order confirming a judicial sale must be regarded as
a judicial affirmance that no reason exists why it should
not be carried out and therefore is a final- adjudica-
tion binding alike on the purchaser and all the par-
ties in interest within the jurisdiction of the court, es-
tops the former from refusing to pay his bid, and oth-
erwise carry out the terms of the sale as confirmed,
and the latter from resisting such further steps as may
remain to be taken to vest him with the title (Id., 283).

As to persons who may buy at such sale, it is said in a note on page 275 that the cases considering this question are chiefly those in which the claim was made either that the purchaser was not entitled to bid at all, or, if accepted as a bidder, he must be declared to hold as trustee of such persons to whom he stands in a fiduciary relation, and that under the practice prevailing in England the court may, by its decree, allow a party to bid. The note then proceeds:

"In truth, unless those interested in the sale are allowed to bid, their property might often be sacrificed when they were willing and able to protect it. Hence we apprehend that all the parties and all persons beneficially interested are entitled and should be allowed to bid, and that, too, for their own exclusive benefit. *Thompson* v. *Frew,* 107 Ill., 478; *Bayhi* v. *Bayhi,* 35 La. Ann., 527; *Porter* v. *Depeyster,* 18 La., 351; *Hopper* v. *Hopper,* 79 Md., 400, 29 Atl., 611; *Carpenter* v. *Carpenter,* 131 N. Y., 101, 29 N. E., 1013, 27 Am. St. Rep., 569; *English* v. *Monypeny,* 6 Ohio Cir. Ct. R., 554, 3 O. C. D., 582."

Other and more recent cases are to the same effect: *Whitely* v. *Whitely,* 117 Md., 538, 84 Atl., 68; *Melcher* v. *N. O. & N. E. R. Co.,* 134 La., 951, 64 South., 863; *Credle* v. *Baugham,* 152 N. C., 18, 67 S. E., 46, 136 Am. St. Rep., 787; *Conner* v. *McCoy,* 83 S. C., 168, 65 S. E., 257. And see, also, an earlier case, *Peck* v. *Lockridge,* 97 Mo., 549, 550, 11 S. W., 246. Other decisions are cited to the effect that attorneys, administrators, executors, and guardians of interested persons are not al-

Davis v. Solari.

lowed to bid and hold the property adversely to the interests represented by them, unless they have interests of their own which they are entitled to protect, and that an officer whose duty it is to conduct the sale cannot become a purchaser thereof, either directly or indirectly. We have no decisions in this State on the subject other than those already mentioned, except the case of *Rogers* v. *Rogers,* Tenn. Ch. App., 1896, 42 S. W., 70, which is upon the subject of administrators buying at such sale.

We do know that in this State it has been the general, if not the uniform, practice for parties to become purchasers at such sales, and the question has never before been mooted here. We are satisfied that an opinion of this court holding to the contrary would shake hundreds, if not thousands, of titles. Moreover, we see no objection to it. On the contrary, it is often essential, in order that one or more of the owners may protect the property, through making it bring a fair price. As to the trust relation, there can be nothing in this, since all the parties in interest are brought before the court, and are thus called upon to protect their rights. Under such circumstances, it would be out of all reason, as we think, to impose upon either one of the tenants in common the duty of protecting the interests of the others. Their relations, when thus brought into a litigation, are of an adversary nature, and each one must look out for himself. Of course, there must be no fraud in such a sale, nor should there be fraud in any

other judicial sale; but the obligation is no greater in a sale of this character than in any other.

The remaining assignments of error are disposed of in a memorandum opinion filed with the record, and are all overruled.

Affirm the decree of the chancellor.