STATE OF NORTH CAROLINA EX REL. THE NORTH CAROLINA BANK AND TRUST COMPANY, GUARDIAN FOR KINNIS BLAKENEY AND JAMES BLAKENEY, v. L. L. PARKER, GUARDIAN, ET AL.

(Filed 25 January, 1933.)

**Guardian and Ward B a—Court originally appointing guardian has jurisdiction to appoint his successor.**

The court originally appointing a guardian ordinarily has jurisdiction to appoint his successor though the residence of the ward may have been changed in the meantime, and this is especially true where suit against the original guardian is necessary to obtain a settlement.

APPEAL by defendants from *Oglesby, J.,* at October Term, 1932, of UNION.

Civil action for settlement and to recover on guardian bond.

The essential facts are these:

1. On 8 May, 1924, L. L. Parker was duly appointed guardian of the estates of James Blakeney and Kinnis Blakeney, minors six and eight years of age respectively who were at that time residing with their mother in Union County.

2. The Fidelity and Deposit Company of Maryland became surety on the bonds of said guardian.

3. In November, 1930, the said minors, with their mother, moved across the line into Chesterfield County, S. C., where they have since lived.

4. In the fall of 1931, the said L. L. Parker resigned his guardianship of the estates of said minors, after being ordered to file his accounts, and the clerk of the Superior Court of Union County appointed the North Carolina Bank and Trust Company guardian in his stead.

This suit is to recover on the bonds of the first guardian, the amount being agreed upon, if the second appointment be valid.

From a judgment for plaintiff, the defendants appeal, assigning error.

*John C. Sikes* for plaintiff.
*Vann & Milliken* for defendant, *L. L. Parker*.
*Tillett, Tillett & Kennedy* for defendant, *Fidelity and Deposit Co.*

STACY, C. J. The rule, generally accordant with the decisions, is that, jurisdiction to appoint a successor to a guardian ordinarily resides with the court making the original appointment, though the residence of the ward may have been changed in the meantime. 28 C. J., 1109. Especially is this so, where, as here, suit against the original guardian and his surety is necessary to obtain a settlement. 15 A. & E. Enc. of Law, 35 and 120.

Nor are our own decisions contrariwise. *Credle v. Baugham*, 152 N. C., 18, 67 S. E., 46.

Affirmed.