On Rehearing
PONDER, Justice.
On reconsideration, we have decided that we have appellate jurisdiction of this case.
In this action of jactitation the plaintiffs, are seeking to have the defendants disclaim' title to any mineral rights in the SE}4 of the NWJ4 of Section 25, T. 20 N, R-4 W. situated.in Lincoln Parish, Louisiana, or assert their rights, or be forever barred and estopped from asserting any claim to-the mineral rights.
W. F. Cooper, record owner of the property, executed a mineral deed to Norwood! Lykes on November 18, 1936, calling for an undivided one-half interest of the minerals. Lykes died in April,. 1937, leaving a widow in community, Mrs. Olive E. Lykes,, and a minor daughter, Olive Ann Lykes,. now Mrs. Olive Ann Lykes Mattix, as his. only heir. Mrs. Mattix was born February 3, 1924 and was thirteen years of age at the time her father died.
The suit is predicated on the ground that the mineral rights have prescribed *256 because of non-use for more than ten years. In defense it was alleged that prescription was suspended as to Mrs. Mattix during her minority and that the suspension ■operated not only in favor of Mrs. Mattix but likewise in favor of Mrs. Lykes. Mrs. Lykes interposed an exception of no right ■or cause of action attacking the constitutionality of Act No. 232 of 1944. On trial the lower court gave judgment recognizing Mrs. Mattix as the owner of one-fourth ■of the minerals because of the suspension ■of prescription during her minority and gave judgment in favor of the plaintiffs and against Mrs. Lykes, and overruled the exception attacking the constitutionality of the act. Mrs. Lykes has appealed.
The sole contention urged on this appeal is that Act No. 232 of 1944 is unconstitutional. This act reads as follows:
“Relative to the suspension of prescription of mineral or royalty rights by providing that the minority, or other disability of a co-owner shall not suspend prescription as to the other co-owners, and to provide a period in which persons hereby affected may exercise their rights.
“Section 1. Be it enacted by the Legislature of Louisiana, That despite the fact that among co-proprietors of any mineral or royalty right there be one or more against whom prescription cannot run, as, for instance, a minor, the liberative prescription shall nevertheless run against the co-proprietors not under legal disability.
“Section 2. That this Act is intended to and does affect presently existing mineral or royalty rights; notwithstanding which, any person whose rights would be affected hereby shall have a period of one year from and after the effective date of this Act in which to exercise his rights.”
The appellant contends that the statute is an ex post facto1 law. The constitutional prohibition against the passage of ex post facto' laws applies only to criminal matters. In re Craven, 178 La. 372, 151 So. 625, 90 A.L.R. 973; Fithian v. Centanni, 159 La. 831, 106 So. 321.
The appellant contends that the body of the act is broader than its title and has an effect not covered in its title and apparently not contemplated. The position is taken that the act in effect divides the servitude in contravention of Article 656 of the Civil Code without giving sufficient notice in the title of the act. The act does ■not divide the servitude but merely deprives the major co-owner from the right of using the servitude or participating in its advantages. The servitude still remains over the entire tract of land. The advan- * tages resulting from a servitude may be divided, Article 657, Revised Civil Code. Servitudes can be extinguished by renunciation or voluntary release by the owner of the estate to which they are due, Article 816, Revised Civil Code. It is provided in Article 818, Revised Civil Code, as follows : “When the estate to which the servitude is due belongs to several owners, one of *258 them can not make a release of the servitude so as to discharge the estate owing the servitude without the consent of his co-proprietors.
“But the release which he makes will deprive him from the right of personally using the servitude.”
It is apparent from a reading of these articles of the Civil Code that the depriving of a co-proprietor from the use of a servitude or the participation in its advantages does not operate as a division of the servitude.
The appellant contends that the statute impairs the obligation of the contract and divests her of vested rights. A statute of limitations that allows a reasonable time for the assertion of a right or the enforcement of an obligation is not violative of the constitutional prohibition against divesting a vested right or impairing the obligation of a contract. McNamara et al. v. Marx, 136 La. 159, 66 So. 764; Atchafalaya Land Co. v. F. B. Williams Cypress Co., 146 La. 1047, 84 So. 351 and Carter v. Third District Homestead Association, 195 La. 555, 197 So. 230.
The Legislature is the judge of the reasonableness of time and the courts will not interfere except where the time is so short as to amount to a denial of justice. Atchafalaya Land Co. v. F. B. Williams Cypress Co., supra. The statute gives any person whose rights are affected a period of one year in which to exercise their rights. We are not prepared to say that the length of time is unreasonable.
Our Civil Code provides, under the clauses dealing with suspension of prescription, that prescription runs against all persons except those included in some exceptions established by law, Article 3521, Revised Civil Code. Persons not included by law in the exceptions are not entitled to the suspension of the prescription running against them.
For the reasons assigned, the judgment is affirmed at appellant’s cost.