PROVO STY, J.
An exception of no cause of action was sustained in this case. The petition reads as follows:
“To, etc.:
“The petition,” etc., “respectfully shows:
“That the Southern States Alcohol Manufacturing Company, Inc. (hereinafter called company), a corporation organized under the laws of the state of New York and carrying on a distillery business in the city of New Orleans, is truly and justly indebted unto your petitioner in the full sum of $3,000, with o per cent, per annum interest thereon 'from May 24, 1907, for this, to wit:
“Your petitioner carries on the business of dealer and commission merchant in sugar and molasses in the city of New Orleans; that on May 24, 1907. the said company entered into a contract with your petitioner, whereby it agreed that your petitioner should purchase all the molasses required by it for its distillery, for a period of one year from May 24, 1907, upon which molasses it was agreed said company *1039 should pay to your petitioner a commission of 10 cents per barrel of 50 gallons; and it was further agreed that, should the said company purchase molasses otherwise than through your petitioner, your petitioner, was nevertheless, to’ be paid 10 cents per barrel for all molasses purchased by said company from any one during the year commencing May 24, 1907 — all of which will more fully appear by reference to said contract, which is hereto annexed and made part hereof.
“And now petitioner shows that, since the signing of the said contract, your petitioner has exerted himself in keeping said company posted as to the condition of the molasses market, and in submitting to them offers of sales of molasses, and in advising them as to the propriety of making purchases of molasses at various times; that the said company, during the year commencing May 24, 1907, has purchased and used in its distillery 30,000 barrels of molasses, of 50 gallons each, on which your petitioner, under said contract, is entitled to receive a commission of 10 cents per barrel, making the total amount due your petitioner the sum of $3,000, and your petitioner further shows that he has never been paid any part of said commission, and that the whole amount thereof is still due and owing.
“Wherefore,” etc. (prayer for judgment).
The contract in question reads as follows:
“It is hereby agreed that Hugh R. I-Iealy shall buy all the molasses required by the party of the first part for their distillery for the term of one year from date, for the commission of ten cents per barrel of 50 gallons.
“The party of the first part to pay all actual expenses incurred by the party of the second part in purchasing their molasses.
“The molasses to be bought in the name of Hugh R. I-Iealy, or of the Southern States Alcohol Manufacturing Co., Incorporated, as desired by party of the first part, at cost price plus ten cents (10$) per barrel commission.
“Hugh R. Iiealy not to be responsible for short deliveries by planters or parties purchased from, as they often overestimate the amount of their product of molasses.
“The S. S. Alcohol Manufacturing Co. can purchase from others, but they must pay Hugh R. I-Iealy commission of ten cents (10$) per barrel.”
The reasons why this contract is said not to show a cause of action are, first, that it does not mean, as alleged, that plaintiff was to be entitled to a' commission on defendant’s purchases, whether made through him or not, but means that plaintiff was to have the commission if the purchases were made through him; second, that plaintiff is obligated to nothing, and, hence, that the contract is a nudum pactum; third, that, if interpreted as imposing upon the defendant the obligation to pay plaintiff a commission ujDon purchases not made by him, the contract is -without a cause or consideration; fourth, that, if given that interpretation, the contract'is null as being in restraint of trade, since it shuts off the defendant from mak-1 ing purchases from others, and shuts off others from sélling to defendant, otherwise than through plaintiff.
By this contract Healy obligates himself to furnish his services to defendant during one year for buying all the molasses defendant may require for its manufactory, in consideration of defendant’s binding itself to pay him 10 cents per barrel for every barrel it may thus require, whether the purchases should be made through him or not. This •appears to us to be a very simple, and perfectly valid, contract. Plaintiff binds himself to furnish his services, and defendant binds itself to pay him. In consideration of the obligation of plaintiff to furnish his services, the defendant might have agreed to pay a certain fixed amount, say $3,000, for the year, or $250 per month. Instead of that, the compensation of plaintiff was placed on a commission basis, so that the amount should be regulated by the work done. The parties were as free to adopt that basis as any other.
Judgment set aside, and case remanded.