O’NIELL, J.
The plaintiff sued for $3,000 commissions on molasses purchased by the defendant. His suit was dismissed on an exception of no cause of action; and, on apipeal to this court, the judgment was set aside, and the case remanded for trial on its merits. 125 La. 1038, 52 South. 150.
Judgment was rendered in the district court in favor of the plaintiff for $2,072.98, and the defendant has appealed.
The contract provided that the plaintiff should purchase all of the molasses required by the defendant (for manufacturing alcohol) for the term of one year, for a commission of 10 cents a barrel of 50 gallons, and it concluded with this clause:
“The Southern States Alcohol Manufacturing Company can purchase from others, but they must pay H. R. Healy commission of 10 cents per barrel.”
The commission demanded in this suit is for purchases made by the defendant company independently of the plaintiff from others during the term of the contract.
The defendant’s contentions as to the interpretation of the contract, the want of mutuality of obligations, and want of consideration for the commission demanded were disposed of on the former appeal.
The defendant contends that the plaintiff violated the contract by refusing to make purchases of molasses for the company when called upon to do so. The only instance that might possibly be so construed, as far as the record discloses, is this: An order for 50 tank cars of molasses for March-April delivery was given by the defendant to the plaintiff in October of the previous year. (Plaintiff conferred with the president of the defendant company in his New York office and advised against making the purchase “at the tail end of a short crop and in the beginning of a large crop” ; and he so advised the defendant at its New Orleans office by letter. The president of the company accepted the plaintiff’s advice, and did not make the purchase. That incident cannot be construed as a breach of the contract. In fact, it is conceded that it was the plaintiff’s duty, as a broker or commission merchant, to give advice to his customers as to when to make their purchases, according to his knowledge of market conditions.
It is also contended by the defendant that, as the plaintiff’s demand is upon the theory of a violation of the contract, the plaintiff should have put the defendant in default before the expiration of the term of the contract. This demand, however, is not founded on the theory of a violation of the contract, but is in the enforcement of the contract. The defendant had the right to purchase molasses from others, provided the plaintiff was paid his commission on such purchases.
The plaintiff proved, and it was not seriously disputed, that the defendant bought 20,729.89 barrels of molasses during the term of the contract, for which the plaintiff did not receive a commission.
The judgment appealed from is affirmed.