HIGGINS, Justice.
 

 The issue involved in this case is whether or not a wife, who obtained a separation from bed and board and thereafter entered in commutative contracts with her husband in settlement of the community property and her rights to alimony, may plead their nullity without first offering to return the consideration received therefpr.
 

 The wife obtained a judgment of separation from bed and board from her husband by default which was rendered on July 14, 1942, and signed on October 5, 1942. On October 16, 1942, the parties, with the assistance of their attorneys, entered into two written agreements settling the community of acquets and gains between them and the wife’s rights to past, present and future alimony. The consideration she received was $700 cash, plus $150 for fees paid to her attorney, and the costs of court. More than a year elapsed after the judgment of separation from bed and board became final and the wife neither filed proceedings to convert it into a divorce nor did she request any alimony.
 

 On January 5, 1944, the husband filed a petition for a divorce alleging that there had been no reconciliation between the parties and that more than a year and sixty days had elapsed since the judgment from bed and board had become final. After the petition and citation were served on the wife, she brought a rule against her husband to show cause why he should not be condemned to pay her alimony at the rate of $110 per month. The husband pleaded in bar the two contracts of October 16, 1942. Thereupon the wife instituted a second rule
 
 *855
 
 to have the contracts set aside and annulled, as being in contravention of Articles 1792, 1793 and 2446 of the Revised Civil Code, and, on the further ground that they were contra bones mores or against public policy and the prohibitory laws of this State. She also reiterated her prayer for $110 alimony per month pendente lite. The husband again pleaded the contracts in bar of the wife’s rights to alimony and averred that having received the full consideration thereof and retained the benefits therefrom, she was without any right to claim alimony and was estopped from doing so.
 

 When the wife attempted to testify, counsel for the husband objected on the ground that a party, who was asking the court to annul a commutative contract, must first offer to return or tender the consideration thereof and the benefits derived therefrom. The matter was argued and briefed. The trial judge held that the plaintiff was without any right to attack the validity of the contracts executed after the judicial separation from bed and board unless she first returned the consideration received by her. He dismissed both rules.
 

 The wife applied to this Court for writs of certiorari, prohibition and mandamus, which were granted, and the matter is now before us for review.
 

 The general rule of law is that a party who seeks the annulment of a commutative contract must offer to return or tender the return of the consideration received as a condition precedent to the right to institute such a suit. Latham v. Hicky, 21 La.Ann. 425. This doctrine was recognized and applied by the court in two cases, one, where the wife, who had entered into a property settlement with her husband before the dissolution of their marriage by his death, sought to annul the agreement for want of legal capacity of both of them and, the other, where the husband, who entered into a partition agreement or contract with his wife prior to a judicial separation from bed and board, sought its annulment on the ground of incapacity of the parties. In each case the court found that there had been a ratification of the agreements subsequent to the removal of the incapacity and, therefore, denied the party the remedy of annulment while retaining the benefits and advantages of the commutative contract. Maxwell v. Maxwell, 2 Cir., 1 La.App. 413 (on rehearing page 417) and Dares v. O’Donnell, La.App., Parish of Orleans, 151 So. 774.
 

 In Bowen et al. v. Marston, 134 La. 298, 64 So. 118, it was held that emancipated minors, who received and accepted consideration for a sale after their incapacity was removed, were required to first offer to return the benefits of the commutative contract or sále before attacking its validity.
 

 Articles 1790, 1792 and 1793 of the Revised Civil Code found in Section I, which treats of the capacity of parties to contract, under the general heading of “Conventional Obligations” provide, respectively, as follows :
 

 “1790. Besides the general incapacity which persons of certain descriptions are under, there are others applicable only to certain contracts, either in relation to the parties, such as a husband and wife, tutor
 
 *857
 
 and ward, whose contracts with each other are forbidden; or in relation to the subj ect of the contract, such as purchases, by the administrator, of any part of the estate which is committed to his charge, and the incapacity of the wife, even with the assent of the husband, to alienate her dotal property, or to become security for his debts. These take place only in the cases specially provided by law, under different titles of this Code.”
 

 “1792. If the contract be reciprocal, it must not be enforced on one side only; and if the minor, or other incapacitated person, opposes his incapacity against any part of the agreement, the whole of the contract is void.”
 

 “1793.
 
 If, in a contract with an incapacitated person,
 
 or in a contract void for want of form, entered into with any one for the benefit of such incapacitated person,
 
 any consideration be paid or given, and the contract be afterwards invalidated on account of stick incapacity
 
 or want of form,
 
 the consideration so paid or given must be restored, if it was applied to the necessary use or benefit of the incapacitated person.”
 
 (Italics ours.)
 

 It will be observed that under the express provisions of Article 1793, where there is a. contract with an incapacitated party and the agreement is afterwards invalidated on account of such incapacity, the consideration therefor must be restored if it were applied to the necessary use or benefit of the person incapable of legally binding himself.
 

 In the case of Rist v. Hartner, 44 La.Ann. 430, 10 So. 759, the minor within four years after reaching the age of majority instituted suit against his tutor for an accounting. The tutor pleaded that there had been a settlement between the parties under which he had paid his former ward a sum of money for which he was granted a receipt and that before the plaintiff could call upon him to account, the cash should be returned. The plaintiff then filed a supplemental petition attacking the settlement or agreement and asking for its annulment. The trial judge sustained the plea of want of tender and the plaintiff appealed. The court pointed out that there had not been any full account rendered by the tutor to his ward upon reaching the age of majority and ten days prior to the alleged agreement or settlement as required by law and, therefore, it was null and void. The court said:
 

 “In cases presented for judicial determination, in which minors have sued tutors for an account, and attacked purchases of their property by administrators, and settlements made in error, and while they (the minors) were in ignorance of their rights under undisclosed and concealed facts, and in which the plea of tender had been set up as a condition precedent, it has been held that it was not to be demanded. Tutorship of Hacket, 4 Rob. 290; Wood’s Heirs v. Nicholls, 33 La.Ann. 744; Heirs of Burney v. Ludeling, 41 La.Ann. [627], 632, 6 So. 248.
 

 “All that equity requires in such cases is to permit the defendant to claim the amount in reconvention.
 

 “Under the circumstances of this case, the plaintiff should not have been held to a tender as a condition precedent to action.”
 

 
 *859
 
 It will be noted that the incapacity of tutor and ward and husband and wife to contract with each other are treated by the provisions of Article 1790, Revised Civil Code, and they are the incapacitated persons referred to by Article 1793 of the Code. Therefore, it is clear that the provisions of this Article (1793) set forth an exception to the general rule that tender of the consideration is indispensable to the proper institution of a suit to annul a commutative contract.
 

 In the instant case, the contracts in question were entered into subsequent to a final judgment of separation from bed and board between the husband and wife.
 

 The pertinent part of Article 2446 of the Revised Civil Code reads:
 

 “2446. A contract of sale, between husband and wife, can take place only in the * * * following cases:
 

 “1. When one of the spouses makes a transfer of property to the other, who is judicially separated from him or her, in payment of his or her rights.”
 

 Consequently, insofar as a settlement of the community of acquets and gains is concerned both parties had the legal capacity to bind themselves. We have not been referred to any law of this State which grants to a married woman the legal capacity to bind herself in the settlement, renunciation or waiver of her right to alimony pendente lite.
 

 Article 148 of the Revised Civil Code ¿reads:
 

 “If the wife has not a sufficient income for her maintenance pending the suit for a separation from bed and board or for divorce, the judge shall allow her, whether she appears as plaintiff or defendant, a sum for her support, proportioned to her needs and to the means of her husband. (As amended, Acts 1928, No. 130.)”
 

 Clearly, the above amended article of the Code does not provide for any such authority. Act No. 283 of 1928 expressly states that it shall not modify or affect laws relating to the community of acquets and gains and it does not attempt to deal with the subject of alimony or the right of a wife to settle, waive, or renounce such claims.
 

 It is well settled that husbands and wives are incapacitated from contracting with each other during marriage, except in the cases enumerated in Article 2446 of the Revised Civil Code. Burns v. Thompson, 39 La.Ann. 377, 1 So. 913. Nothing contained in that article authorizes the wife to. enter into a settlement or waiver of her right to alimony during marriage.
 

 As the wife is an incapacitated party to the contracts in question insofar as alimony is concerned, the case falls within the exception provided for in Article 1793 of the Revised Civil Code and she may seek the annulment of the agreements without first tendering the consideration paid or given therefor. In the event the contracts, are invalidated on account of such incapacity, they must be annulled in toto and the consideration paid or given therefor must be restored if it appears that it was applied to the necessary use or benefit of the incapacitated wife. R.C.C. art. 1793; Legay, Adm’r, v. Marston, 32 La.Ann. 170.
 

 
 *861
 
 It is our view that the judgment of the trial judge is incorrect. Due to his erroneous ruling there was not any evidence introduced and our learned brother below did not pass upon the issue of whether or not such contracts are contra bones mores or •against public policy and the prohibitory laws of this State. In view of these circumstances we shall remand the case to •the trial court.
 

 For the reasons assigned, it is ordered, adjudged and decreed that the judgment ■complained of is annulled and set aside, and it is now ordered that the case is remanded to the district court for further proceedings consistent with the views herein expressed.
 

 ODOM, J., absent.