283 So.2d 504 (1973)
Rosemary Reeves Whipple SONNIKSON
v.
Keith M. WHIPPLE.
No. 9452.
Court of Appeal of Louisiana, First Circuit.
June 29, 1973.
Jerome P. Halford, Metairie, for appellant.
Alexander L. Doyle, Houma, for appellee.
Before LOTTINGER, ELLIS and CRAIN, JJ.
CRAIN, Judge.
The matter before us involves a suit on a contract. The defendant-appellee filed exception of no right and cause of action in opposition to plaintiff-appellant's demands. The trial court sustained the exception of no cause of action and dismissed plaintiff-appellant's demands.
The pertinent portion of plaintiff-appellant's petition reads as follows:
"The petition of Rosemary Reeves Whipple Sonnikson, of the full age of majority and domiciled in the State of California, with respect, represents:

I.
That Keith M. Whipple is of the full age of majority and a resident of the Parish of Terrebonne, State of Louisiana, and is indebted into your petitioner in the sum of Twelve Thousand Seven Hundred Twenty Five and no/100 ($12,725.00) Dollars, for the following, to-wit:

*505 II.
That the plaintiff and defendant obtained a judgment of separation from each other in this Honorable Court in the proceedings entitled `Rosemary Reeves Whipple vs. Keith M. Whipple', Number 31401, in which proceedings the judgment was read, rendered and signed in open court on April 7, 1969.

III.
Subsequent to the judgment of separation from bed and board, plaintiff and defendant entered into a contract not part of the separation proceedings, a copy of which is attached hereto and identified as `Plaintiff 1', for identification.

IV.
According to the terms of the contract, defendant was to pay plaintiff Five Hundred and no/100 ($500.00) per month plus all exceptional medical and dental expenses incurred by herself and the two minor children of the marriage, Walter Kirk Whipple and Amy Elizabeth Whipple, which agreement was to remain in effect until such time as the parties should agree in writing to a figure other than the one herein stated, or until such time as the alimony was increased or reduced by the Judge in a court of competent jurisdiction.

V.
There has never been a modification of the agreement by contract or judicially.

VI.
In September of 1969 plaintiff moved to California, at which time defendant arbitrarily reduced the amount paid to $200.00 per month on most occasions and less on other occasions, so that instead of the $18,000.00 which should have been paid to plaintiff by defendant from September of 1969 to the present date, only $5,275.00 has been paid, leaving a balance due and owing of $12,725.00."
The exceptor contends that the agreement referred to in plaintiff's petition is invalid as the parties were married at the time it was allegedly entered into, and were not capable of contracting in this fashion under Articles 1790 and 2446 of the Louisiana Civil Code. We agree.
Under Article 1790 of the Louisiana Civil Code, a husband and wife are incapable of contracting with one another except in certain expressly permitted matters. The exceptions are found in Civil Code Article 2446. In Russo v. Russo, 205 La. 852, 18 So.2d 318 (1944), it was held that the exceptions found in Civil Code Article 2446 do not include an authorization for the settlement of alimony rights.
The particular contract at issue herein was made a part of the pleadings. It is an agreement for alimony and child support, and so does not fall within the exception to the general rule of incapacity. Therefore, assuming the allegations of the plaintiff's petition to be true, no action would lie on the contract as it was a nullity when entered into.
It is argued by appellant that the exception should not be maintained because the contract is capable of ratification by the appellant, and evidence showing subsequent ability to contract because of a final divorce, and ratification thereafter should be allowed.
Plaintiff's petition makes no allegations of ratification. Additionally, even if plaintiff were allowed to amend and allege ratification, and even if the contract were a relative nullity capable of ratification (which we do not decide) it is obvious that *506 the contract was a nullity as to both parties, not just to plaintiff. Consequently, it would require ratification by both parties. This result is apparent from the language of Civil Code Articles 1790 and 2446. Article 1790 provides in pertinent part as follows:
"Besides the general incapacity which persons of certain descriptions are under, there are others applicable only to certain contracts, either in relation to the parties, such as husband and wife, tutor and ward, whose contracts with each other are forbidden ... These take place only in the cases specially provided by law, under different titles of this Code." (emphasis added)
Thus contracts between husband and wife are forbidden and invalid as to both except as provided by law. Civil Code Article 2446 provides the exceptions, and a contract with reference to alimony and child support does not constitute one of the exceptions. Russo v. Russo, supra. Consequently, such a contract is void as to both parties, and if ratification is possible the ratification would have to be by both parties.
The petition filed herein shows that defendant did not ratify the contract as written. During the five months in which defendant paid in accordance with the terms of the contract, it is apparent from the record that the parties were not divorced. Consequently, the contract was incapable of ratification at that time, and the payments made in accordance with its terms cannot be considered a ratification thereof. After five months, it is alleged defendant never paid in accordance with the terms of the contract. Therefore the petition precludes evidence which would show the necessary ratification by both parties.
In accordance with the above, the judgment of the trial court is affirmed, plaintiff-appellant to pay all costs.
Affirmed.