339 So.2d 839 (1976)
Paul M. WARD
v.
Shirley Ann WARD.
No. 58279.
Supreme Court of Louisiana.
November 8, 1976.
Dissenting Opinion December 7, 1976.
Rehearing Denied December 10, 1976.
*840 Philip R. Riegel, Jr., Sydney J. Parlongue, New Orleans, for defendant-applicant.
R. Lee McDaniel, Dan C. Garner & Associates, New Orleans, for plaintiff-respondent.
SANDERS, Chief Justice.
Defendant, Shirley Ann Ward, obtained judicial separation from her husband, Paul M. Ward, on the ground of cruel treatment. The judgment of separation granted custody of the minor child to the mother and condemned the father to pay $200.00 per month alimony and $400.00 per month child support.
Later, on the ground of no reconciliation between the parties for more than one year following the judgment of separation, the wife obtained a divorce. In accordance with an agreement between the parties, the divorce judgment awarded $375.00 per month alimony and a like amount for child support, beginning August 1, 1973, and continuing *841 for eighteen months, after which time the alimony and child support "shall be discontinued in accordance with the agreement between the parties herein."
Following the lapse of eighteen months, Mr. Ward filed a rule to show cause why the amount of alimony should not be reduced. The trial court dismissed the rule, holding that there was no alimony award to reduce since the judgment had expired by its own terms.
On April 30, 1975, Mrs. Ward filed a rule for alimony and child support, alleging that she was in necessitous circumstances. After trial of the rule, child support was awarded in the amount of $200.00 per month and alimony in the amount of $400.00 per month. Mr. Ward appealed the judgment.
The Court of Appeal affirmed the child support judgment but set aside the alimony judgment and remanded the case to the trial court to give Mrs. Ward an opportunity to show either that work is unavailable to her or that, if available, there is a compelling reason which prevents her from accepting employment. La.App., 332 So.2d 868 (1976). We granted writs to review the Court of Appeal's judgment. La., 334 So.2d 430 (1976).
On appeal, Mr. Ward contended: (1) that the agreement entered into by the parties for alimony is valid and, as a result thereof, the appellee is not entitled to alimony; alternatively, even if the agreement is found to be invalid, (2) the trial court erred in concluding the appellee was entitled to alimony; and in the further alternative, (3) the alimony award was excessive.
The parties entered into the alimony waiver agreement before the divorce and while they were still husband and wife. Under Article 1790 of the Louisiana Civil Code, a husband and wife are incapable of contracting with each other subject to limited exceptions. See LSA-C.C. Arts. 1790, 2446. The exceptions do not include a contract for the settlement of alimony rights. Hence, we hold that the agreement waiving the wife's right to alimony and child support is a nullity and can be given no effect. See Russo v. Russo, 205 La. 852, 18 So.2d 318 (1944); Sonnikson v. Whipple, La.App., 283 So.2d 504 (1973).
The court judgment, based on the agreement, cannot itself bar future rights to alimony and child support. Judgments awarding alimony and support are always subject to modification and reinstatement. Smith v. Smith, 217 La. 646, 47 So.2d 32 (1950); Russo v. Russo, 208 La. 17, 22 So.2d 671 (1945).
The more difficult question raised by the Court of Appeal judgment and the one which prompted us to grant review is whether the earning capacity of an unemployed, divorced wife bars her from alimony absent a compelling reason which prevents her from accepting employment.
Article 148 of the Louisiana Civil Code provides:
"If the wife has not a sufficient income for her maintenance pending the suit for separation from bed and board or for divorce, the judge shall allow her, whether she appears as plaintiff or defendant, a sum for her support, proportioned to her needs and to the means of her husband."
Article 160 of the Louisiana Civil Code provides:
"When the wife has not been at fault, and she has not sufficient means for her support, the court may allow her, out of the property and earnings of the husband, alimony which shall not exceed one-third of his income when:
"1. The wife obtains a divorce;
"2. The husband obtains a divorce on the ground that he and his wife had been living separate and apart, or on the ground that there has been no reconciliation between the spouses after a judgment of separation from bed and board, for a specified period of time; or
"3. The husband obtained a valid divorce from his wife in a court of another state or country which has no jurisdiction over her person.

*842 "This alimony shall be revoked if it becomes unnecessary, and terminates if the wife remarries."
Generally, alimony pendente lite under Article 148 is a judicial enforcement of the husband's obligation under Louisiana Civil Code Article 120 to support the wife during the marriage, which does not terminate until death or divorce. Murphy v. Murphy, 229 La. 849, 87 So.2d 4 (1956); Eals v. Swann, 221 La. 329, 59 So.2d 409 (1952). If the husband's "means" are sufficient to maintain the wife in a style comparable to that which she enjoyed prior to the separation, even if she is capable of earning an income and has done so in the past, the wife is entitled to alimony pendente lite and is not required to obtain employment to support herself; if however, she chooses to earn her own living, or a part of it, the alimony is reduced to the extent of her earnings. Bilello v. Bilello, 240 La. 158, 121 So.2d 728 (1960); Hillard v. Hillard, 225 La. 507, 73 So.2d 442 (1954).
Alimony after divorce is quite different from alimony pendente lite. Under Louisiana Civil Code Article 160, alimony after divorce is in the nature of a pension, obtainable by the former wife only when she has not been at fault and when she has not sufficient means for her support. Frederic v. Frederic, La., 302 So.2d 903 (1974); Bernhardt v. Bernhardt, La., 283 So.2d 226 (1973); Hays v. Hays, 240 La. 708,124 So.2d 917 (1960); Brown v. Harris, 225 La. 320, 72 So.2d 746 (1954). This alimony after divorce is not awarded in an amount sufficient to support the former wife in the manner in which she is accustomed to live; rather, it is awarded in an amount sufficient to provide for her maintenance, which includes food, clothing, shelter, and other basic necessities; and the wife has the burden of establishing her necessitous circumstances. Bernhardt v. Bernhardt, supra; Vicknair v. Johnson (Vicknair), 237 La. 1032, 112 So.2d 702 (1959); Stabler v. Stabler, 226 La. 70, 75 So.2d 12 (1954).
The Court of Appeal held that the phrase "sufficient means for her support" in Article 160 is sufficiently broad to include the earning capacity of the wife, though she was presently unemployed. We disagree.
As used in Article 160, means refers to available resources, such as property or money, from which the wants of life may be supplied. The term is, of course, broad enough to include income, for from it the wife's needs may be met. Smith v. Smith, 217 La. 646, 47 So.2d 32 (1950). As to income, there is no difference between the interpretation of "means" here and in Article 148, referring to the means of the husband. See Bowsky v. Silverman, 184 La. 977,168 So. 121 (1936); C. E. Lazarus, What Price Alimony, 11 La.L.Rev. 401, 418.
Insofar as current earnings of the wife are concerned, they are treated no differently than other income. When she receives earnings, they become means for her support. Such earnings must be taken into account in awarding alimony.
If the wife is unemployed, however, and receives no earnings, her earning capacity or potential income is not a proper basis for rejecting alimony. Earning capacity alone does not fall within the definition of "means" in Article 160.
The husband argues, however, that a husband cannot escape liability for alimony pendente lite under Article 148 by refusing to work when he is able to do so, and that the same principle should apply to the wife under Article 160.
It is true that the husband cannot escape liability for alimony under Article 148 by refusing to work. This result flows from the concept that the husband is under a legal duty to support his wife during the marriage. LSA-C.C. Art. 120; Zaccaria v. Beoubay, 213 La. 782, 35 So.2d 659 (1948). After divorce, the wife has no analogous legal duty to earn her own livelihood, thus relieving the husband of his liability for alimony. As we have noted, an alimony award is limited to basic necessities. See Bernhardt v. Bernhardt, supra. This limitation alone provides the necessary incentive for a divorced wife who has occupational skills or training to use them to raise her standard of living.
*843 We hold, therefore, that the earning capacity of an unemployed wife does not bar her from alimony under Article 160 of the Louisiana Civil Code.
We have examined the record and find that the trial court award of $200.00 per month for child support and $400.00 per month for alimony to the wife is well within the range of discretion vested in the trial judge.
For the reasons assigned, the judgment of the Court of Appeal is affirmed insofar as it awards $200.00 per month for child support. The judgment is reversed insofar as it rejected the award of alimony to Shirley Ann Ward. The judgment of the district court awarding Shirley Ann Ward $400.00 per month alimony is reinstated and made the judgment of this Court.
SUMMERS, J., dissents and assigns reasons.
CALOGERO and DENNIS, JJ., dissent for the reasons assigned by the Court of Appeal.
SUMMERS, Justice (dissenting).
As I understand the facts, Shirley Ann Ward, the divorced wife seeking alimony, had, in 1973, 13½ years experience as a school teacher. She is relatively young and last worked in 1971 as a teacher in the public schools of Orleans Parish, earning a salary of $10,400 annually. She has a Bachelor of Arts degree, a Master of Education degree and a councilor's certificate from Southern Methodist University. In addition, she has a Bachelor of Arts degree from Austin College, has undertaken graduate work at San Diego, California, and is presently working on her Ph.D. at North Texas College.
Other than the fact that she attends college full time, the record disclosed no reason why Shirley Ann Ward should not be able to work as a school teacher. She is fully qualified for such employment, and it is more than adequately remunerative to provide for her support and maintenance. Moreover, there is no showing here that suitable work in her profession of teaching is unavailable. The burden is on her to make this showing. In the absence of a showing by her to this effect, I am of the opinion that her education and experience provide "sufficient means for her support," La.Civ.Code art. 160, and a fair and reasonable expectation of the law is that she should avail herself of that means.
A husband endowed with the ability, training and experience to earn sufficient income to discharge his obligation to provide support to a wife entitled to alimony cannot for reasons of indolence, spite or revenge refuse to work to meet his alimony obligation. La.Civ.Code art. 148. For the same reasons, a divorced wife with the ability, training and experience to earn sufficient income for her support and maintenance cannot for like reasons of indolence, spite or revenge refuse to supply her own needs. Bowsky v. Silverman, 184 La. 977, 168 So. 121 (1936).
I understand the word "means" as used in Article 160 to signify any resource from which the wants of life may be supplied. On the strength of this record, I believe Shirley Ann Ward has sufficient means for her support. Accordingly, I respectfully dissent.