REDMANN, Judge.
An ex-wife appeals from a judgment which refused her permanent alimony on the basis of lack of need, despite her uncorroborated testimony that she was usually unable to work a full 40-hour week because she had not fully recuperated from intestinal by-pass surgery for obesity. The trial judge ruled “that the Plaintiff’s recent major surgery was of a cosmetic nature and therefore should not be a consideration in her request for alimony.”
That reasoning is inconsistent with Ward v. Ward, La.1976, 339 So.2d 839, which holds that a wife’s earning capacity is not a factor in fixing alimony. If an ex-wife’s total non-use of her ability to work is immaterial to her entitlement to alimony, so is her partial non-use of her ability to work. If an ex-wife is free to not work at all and still collect alimony she is free to work less than 40 hours a week irrespective of her motive for doing so.
We nevertheless affirm because the factual evidence does not otherwise support an award. The ex-wife’s 40-hour week pay is $116, or over $464 monthly gross; the ex-husband’s monthly gross is $875.[1] The ex-wife’s payroll taxes are not shown, but she nets $360 monthly even after insurance premiums. The ex-wife’s testimony that her health makes her miss a day or more in about three weeks out of four does not establish that she lacks the approximately $350 a month shown to be the cost of her necessaries.
Affirmed.

. The ex-wife thus would earn over a third of the ex-spouses’ combined income. Whether C.C. 160’s limitation of alimony to a third of the husband’s income implies an analogous limitation to a third of the spouses’ combined income is not discussed because we conclude that the wife’s needs were not shown to exceed her own income.