GUIDRY, Judge.
Plaintiff obtained a judicial separation from her defendant husband on January 13, 1976. The judgment awarded her custody of the two minor children born of the marriage and alimony and child support in the amount of $800.00 per month plus medical and hospital expenses. Plaintiff subsequently filed suit for divorce, on the ground of no reconciliation between the parties for more than one year, permanent custody of her two children and alimony and child support. In April of 1977 judgment was rendered and signed by the trial court granting plaintiff a divorce; custody of .the two minor children; an award of child support in the amount of $300.00 per month plus medical and hospital expenses; and, an award of alimony to plaintiff in the amount of $625.00 per month. Defendant appeals from only that part of the judgment which awards his former wife alimony. Plaintiff has answered the appeal expressing satisfaction with the trial court judgment.
Under R.C.C. Article 160 a wife who has obtained a divorce is entitled to alimony not exceeding one-third of her former husband’s income, upon proof that she was without fault and is without sufficient means for her support. Defendant-appellant concedes that his wife obtained the divorce and is without fault. He contends, however, that the trial court erred in finding that plaintiff is without sufficient means for her support because, he asserts, the evidence shows that plaintiff, although unemployed, is capable of working and supporting herself. Alternatively, appellant contends that the trial court erred in granting an award of alimony which is excessive.
We find no merit in either of appellant’s contentions and affirm.
The issue raised by appellant’s first assignment of error was squarely passed upon by our Supreme Court in the recent case of Ward v. Ward, 339 So.2d 839 (La.1976). In the cited case the court stated in part as follows:
“If the wife is unemployed, however, and receives no earnings, her earning capacity or potential income is not a proper basis for rejecting alimony. Earning capacity alone does not fail within the definition of ‘means’ in Article 160.

After divorce, the wife has no analogous legal duty to earn her own livelihood, thus relieving the husband of his liability for alimony.

We hold, therefore, that the earning capacity of an unemployed wife does not bar her from alimony under Article 160 of the Louisiana Civil Code.” (emphasis ours)
Although unnecessary to our disposition of the above assignment of error, we observe that the record would clearly support a conclusion that plaintiff, because of her physical condition, is incapable of working and earning her own livelihood. In this connection the learned trial judge stated in his written reasons for judgment:
*415 “She is not employed except for her housework. She suffers from phlebitis and a circulatory ailment that requires continuous medication and frequent hospitalizations.”
With regard to appellant’s second assignment of error suffice it to say that our examination of the record prompts us to conclude that the alimony award to the wife is within the range of discretion vested in the trial judge.
For the above reasons the judgment of the trial court is affirmed. Appellant is cast for all costs of this appeal.
AFFIRMED.