BOUTALL, Judge.
This appeal is from a summary judgment on a petition for partition by licitation, not only decreeing the partition and the proportions of ownership of the property, but also dismissing plaintiff’s exceptions, answer, and reconventional demand.
Plaintiff, Harry T. Gamble, Jr., filed a petition for partition by licitation of a piece of ground with improvements thereon, Municipal No. 1316 Henry Clay Ave., New Orleans, La., measuring roughly 48' by 130', against his former wife, Rose C. Gamble, alleging that the property was owned Vsths by him and Vsth by her. This suit was filed in the same proceeding wherein the parties had previously been decreed separated and then divorced. To this petition Rose Gamble filed the dilatory exceptions of prematurity and want of amicable demand, the peremptory exceptions of no cause of action and no right of action, and an answer denying that her ownership was only Vsth, but alleging that she owned a 50% interest because the property was purchased with and maintained by community funds acquired during the marriage, and asserting that the property was further subject to a contract executed between the parties which permitted her the use and possession of the property until the year 1998, praying for dismissal of suit and alternatively recognition of her ownership. At the same time she filed a reconventional demand for specific performance of the contract between the parties, and for damages for its breach. In response to these pleadings, the plaintiff filed an answer to the reconventional demand alleging that the contract was signed by him without consideration, that the terms of the contract were subsequently altered without his knowledge or consent, and that he had already specifically performed the contract up to its original date and terms, although he was not legally obligated to do so. At the same time, he filed a motion for summary judgment alleging that “the pleadings, actions heretofore taken in the above entitled and numbered proceedings, the document attached to defend *850 ant’s response to plaintiff’s petition, and documents on file in the Conveyance and Mortgage records of this Parish show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law; He prayed that summary judgment be rendered in favor of plaintiff as prayed for in his petition.
It is this motion for summary judgment and the resulting judgment which is the subject of this appeal. The trial judge (1) overruled the defendant’s exceptions; (2) dismissed the recon ven tional demand; (3) granted judgment in favor of plaintiff “as prayed”, ordered the property sold at public auction by an auctioneer; and (4) appointed a Notary Public to effect the partition between the parties.
The general rules governing the granting of summary judgment are succinctly set out in the case of Employers’ Surplus Line Ins. Co. v. City of Baton Rouge, 362 So.2d 561 (La.1978) at page 565:
“[3-6] It is well settled that a motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966; Andrew Development Corp. v. West Esplanade Corporation, 347 So.2d 210 (La.1977); Morgan v. Matlack, Inc., 342 So.2d 167 (La.1977); Stallings v. W. H. Kennedy & Son, Inc., 332 So.2d 787 (La.1976). Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts before the court is a summary judgment warranted. Andrew Development Corp. v. West Esplanade Corporation, supra; Morgan v. Matlack, Inc., supra; Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976). The burden of showing that there is not a genuine issue of material fact in dispute is upon the mover for summary judgment. Any doubt is resolved against the granting of a summary judgment and in favor of a trial on the merits to resolve disputed facts. Andrew Development Corp. v. West Esplanade Corporation, supra; Morgan v. Matlack, Inc., supra; Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963).”
First we note that there does not seem to be any factual issue raised as to the indivisibility of the property such that it could be partitioned in kind or was subject to partition by licitation, and that portion of the judgment ordering a partition by licitation is justified. However, there is a dispute raised in the pleadings as to the ownership of the property. Plaintiff contends he owns Vsth undivided interest in the property and that Rose Gamble owns Vsth. As opposed to this Rose Gamble alleges in her answer that she owns a 50% interest because the property was purchased with and maintained by the community funds, acquired during the marriage. Besides the bare allegations contained in the petition and in the answer, there is no proof as to ownership. The motion for summary judgment makes reference to documents filed in the mortgage and conveyance records, but the record does not disclose that these documents were ever offered in support of the motion. We note that in the judgment rendered, the court made reference, following the description of the property, to four acts of acquisition of title, which would indicate that at least a A interest was acquired during the marriage. We are also told in brief, but not in the pleadings or by affidavit, that some sort of ante-nuptial agreement is filed in the records. We are not aware of what basis the trial judge concluded, in rendering judgment as prayed, that the ownership was Vsth to Harry Gamble and Vsth to Rose Gamble. As this record stands, that is a contested fact and the summary judgment determining the proportions of ownership is erroneous.
The largest issue in the case is the validity of the agreement of December 20, 1974, and its effect upon the rights of the parties. By that agreement, Gamble agreed to make a letter of intent dated July 9, 1974 legally binding, except that Rose Gamble and their son Ronald Gamble were *851 granted use of the property sought to be partitioned, with its contents, until October 1, 1998. It was further provided that they could keep the rents from the basement apartment and also use some Mandeville property during this same period of time. There is a direct dispute between the parties as to whether the document had originally provided the date of October 1, 1978 when it was signed by the parties, and that it had been changed later to October 1,1998 without the knowledge or consent of Harry Gamble. Additionally, the document contains a sentence at the end thereof by which Harry Gamble agreed to give Rose Gamble $1,000 a month until 1990. There is a similar dispute as to whether that sentence was added after the signing of' the agreement. This agreement constitutes the major basis of the exceptions and the recon-ventional demand filed by Rose Gamble. The dispute as to the terms of that agreement makes it clear that summary judgment is not the proper remedy in this case, if the document has any legal effect.
Appellant contends that the document is null and void, because it is a contract between a husband and wife made at a time when they were still legally married, although separated. The facts show that a judgment of separation between the parties was signed July 11,1974, the document was made on December 20, 1974 and the parties were divorced by judgment signed August 2, 1978. Appellant urges that under the provisions of Civil Code Article 1790 the husband and wife are incapable of contracting, and that this document is not one of the permitted exceptions set out in Civil Code Article 2446. It should be additionally noted that Ronald Gamble did not sign the document, that at that time he was a minor in the legal custody of his mother, and did not attain the age of majority until March 19, 1977.
The purpose and intent of this document is not satisfactorily explained based upon the record presented to us. Each party merely states that the other induced the making of the agreement. The document itself gives no clue except that the only obligation imposed upon Mrs. Gamble is that the agreement would become null and void if Mrs. Gamble would begin any procedure to delay or prevent her husband from obtaining a divorce after July 11, 1975 on the grounds of one year separation. The agreement is certainly not one of the permitted contracts of sale specified in Civil Code Article 2446. It appears to be an agreement to pay additional alimony pen-dente lite and beyond divorce, provided Mrs. Gamble did not contest the divorce. However, the record shows that the parties had agreed to, and the judge had approved, a judgment of alimony and child support considerably less than this at the time of the judgment of separation. The judgment of separation was rendered against Mrs. Gamble, apparently on the grounds of cruel treatment, and thus seeming to prevent her obtaining post divorce alimony. It appears to us that the document could perhaps be characterized simply as an agreement to pay alimony and thus prohibited under Article 1790. See Russo v. Russo, 205 La. 852, 18 So.2d 318 (La.1944); Ward v. Ward, 339 So.2d 839 (La.1976); Sonnikson v. Whipple, 283 So.2d 504 (La.App. 1st Cir. 1973). At the same time, it appears to us that the document could be characterized as a donation inter vivos. We refer to the provisions of Civil Code Articles 1746 and 1752. This premise is supported in the document by the provisions that Mrs. Gamble shall not be required to account to Mr. Gamble or his heirs for any money or property which she has received from him by gifts or otherwise, and a further agreement that if she should remarry, the agreement would be null and void unless Mr. Gamble had died.
We do not feel compelled, on this appeal from motion for summary judgment, to decide the precise nature of the contract and its legal effect. That seems to us to be a matter of determination on the merits. It is sufficient for our purposes only that there be such doubt as to preclude the issuance of summary judgment. The summary judgment procedure should be used cautiously and not as a substitute for a trial on the merits. Any doubts as to the existence of a material factual issue are to be *852 resolved against granting of summary judgment and in favor of trial on the merits to resolve those disputed facts. This is true even in cases in which the trial judge may feel that there is little or no likelihood of successful defense of the case by the defendant or of successful prosecution of her reconventional demand. In this case, those doubts can only be removed by the taking of additional evidence in order to establish the nature of the contract between the parties, as well as the extent of ownership in indivisión of the property sought to be partitioned.
Accordingly, we reverse the summary judgment granted plaintiff in all respects except only insofar as it may declare that the property is not susceptible of division in kind and orders partition by licitation. The costs of this appeal are assessed against appellee. The other costs to await final outcome of the case.

REVERSED IN PART, AFFIRMED IN PART.