BOUTALL, Judge.
From a judgment dismissing both an ex-husband’s post divorce rule to eliminate or reduce alimony and an ex-wife’s subsequent rule to increase alimony, only the ex-husband appeals. We affirm.
Appellant Robert E. Adams assigns as error the trial judge’s ruling in requiring that he show a change in circumstances as required under the principles announced in Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973), and also the misapplication of Article 160 of the Louisiana Civil Code by not requiring the wife to show that she is in necessitous circumstances and has not sufficient means for her maintenance. In order to discuss these issues it is first necessary to relate the procedural posture of the case leading up to the judgment appealed.
Patricia Packard Adams obtained a judgment of separation from her husband in which he was found at fault. She subsequently filed a suit for divorce based on no reconciliation, to which her husband filed a reconventional demand, seeking a divorce on his behalf. During this period of time there was a judgment of alimony pendente lite originally granted October 7, 1974 awarding Mrs. Adams alimony in the sum of $700.00 per month, use of her husband’s gasoline credit card, and requiring Mr. Adams to carry medical and hospital insurances as well as automobile insurance for Mrs. Adams. Several rules had been tried and disposed of in connection with this alimony, the last of which was heard on November 17,1978, a rule to decrease filed along with the answer and reconventional demand for divorce, and was dismissed on the basis that there was no major change in circumstances. Two months later, on January 17,1979, the case came up on trial of the merits of the divorce with the court stating the following:
“THE COURT:
“Let’s proceed. This is á matter involving Adams versus Adams, which I’m going to hear today on the merits alone. Mr. Brooks objects to the hearing going forward at this particular time without *470 touching upon the subject of alimony one way or the other. I overrule him after he strenuously objects and I told him the only way to do that is by rule and that the parties have agreed to be heard on the 26th, is that correct?
“MR. BROOKS: Yes sir.
“THE COURT: That protects you for the record.”
Despite that statement, the court, over later objection of counsel, decided to continue all orders in effect including the order of alimony stated above, signing a judgment of divorce and alimony on that day. The next day Adams filed his rule to eliminate or decrease alimony, the dismissal of which is the subject of this appeal. No appeal was taken from the judgment of January 17, and that judgment became final. Apparently because of filing of exceptions by Mrs. Adams, overruled by the trial court and the subject of writ denial in the appellate courts, the rule, together with a rule to increase filed by Mrs. Adams in the meantime, came to trial on April 6, 1979.
During this hearing, the judge first decided to prohibit any evidence concerning the parties’ financial condition prior to January 17, the date of the divorce. However, he apparently later changed his ruling and permitted evidence to be elicited concerning Mrs. Adams’ financial condition back to 1974, subject to Mrs. Adams’ objection. As a result there is in the record both evidence of the assets held by Mrs. Adams at time of trial, as well as a statement of her expenses and needs for her maintenance and support.
Although the record does not disclose to us precisely the basis upon which the court concluded on the January 17th trial on the merits of the divorce that alimony was not at issue, we do not agree with his rulings which caused him to put into the divorce judgment a decree of alimony over Adams’ objection and without the opportunity to introduce evidence. As pointed out in Ward v. Ward, 339 So.2d 839, La.1976, there is a difference in the nature of alimony pendente lite set under the provisions of Article 148 of the Louisiana Civil Code as compared to alimony after divorce which is regulated under Article 160. However, we must point out that the validity of that judgment is not before us on this appeal, and it has become final. It is thus the law of this case. The basic issue is what effect it has on the judgment appealed from.
The trial judge apparently recognized during the course of the April 6 hearing the difficulties which were arising as a result of Mrs. Adams’ objections as to the admissibility of evidence from that judgment forward due to the application of the change in circumstance rule applied in the case of Bernhardt v. Bernhardt, supra. Accordingly, he permitted the ex-husband the opportunity to produce whatever evidence he thought pertinent relating to the means and financial condition of Mrs. Adams. Correspondingly, he permitted Mrs. Adams to introduce into evidence a showing of her necessitous circumstances and her needs for support. Thus, both parties were given an opportunity to introduce into evidence those facts which they considered relevant to their respective positions in the hearing on these rules so that we may make a proper adjudication of the rights of the parties on the entitlement to alimony under Civil Code Article 160.
The evidence shows that she had approximately $11,000 which she has received as part of her share of the community, and that she has approximately $9,000 worth of stocks and bonds which she inherited, receiving an income from the two of approximately $700 per year. She further has some household furnishings, apparently community and subject to partition, and a 2V2 carat diamond ring, arguably community property or her husband’s separate property. She is employed at a salary of $690 a month gross. As opposed to this, she testified to needing the sum of $1,890.21 per month for her expenses. There is no showing that any of her expenses are inflated or unrealistic, except that obviously some of the items enumerated are not considered necessities under Article 160. She testified that her assets have been diminishing because of her necessity to use some of them *471 for living expenses and medical expenses. The means of Mr. Adams is not at issue because it was stipulated that he could pay whatever alimony the judge might reasonably set.
The trial judge is granted wide discretion in the fixing of alimony, and it is apparent from the record before us that this trial judge has been hearing alimony rules between these parties since 1974, when he originally set this amount of alimony pendente lite. Under the facts shown on this rule, we conclude that Mrs. Adams has shown that she is in necessitous circumstances under Civil Code Article 160, and that she has not sufficient means for her maintenance. Although the amount set may be on the generous side, we cannot say that it is excessive. Although we do not agree completely with the trial judge, we agree with his result, and accordingly we affirm the judgment appealed.

AFFIRMED.